**Sharad C. PATEL, M.D., Plaintiff,**

v.

**Donna E. SHALALA, Secretary of
the Department of Health and
Human Services, Defendant.**

**No. 3:97CV–312–M.**

United States District Court,
W.D. Kentucky,
Louisville Division.

June 24, 1998.

James H. Barr, III, Asst. U.S. Atty., John E. Kuhn, Jr., Asst. U.S. Atty., U.S. Attorney's Office, Louisville, KY, for defendant Secretary of the Department of Health and Human Services.

Denise Malone Helline, Ruck, Wilson & Helline, Louisville, KY, for plaintiff Sharad C. Patel, M.D.

## *MEMORANDUM OPINION AND ORDER*

MOYER, United States Magistrate Judge.

### *INTRODUCTION*

This is an appeal from an administrative decision of the Secretary of the Department of Health and Human Services excluding plaintiff from participation in the Medicare program and specified state health care programs for ten years. The exclusion was imposed as a consequence of plaintiff's conviction on charges of Medicare billing fraud and related crimes. All administrative appeals regarding the exclusion have been exhausted. Plaintiff has filed a motion for summary judgment, (Docket No. 14), and defendant has responded. (Docket No. 17). Plaintiff has replied, (Docket Nos. 18, 19), and the parties have consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). (Docket No. 28).

In the pending motion, the plaintiff requests the court to either reduce the period of exclusion or remand the case to the Secretary for additional proof and a determination as to an appropriate reduction in the period of exclusion. In support of his motion, plaintiff argues that he was under a mental, emotional, or physical condition at the time he committed his crimes and that this mitigating factor should have been considered in determining the length of his exclusion. The condition that he states he was suffering from was an advanced state of drug and alcohol dependence.

### Factual Background

Plaintiff was a licensed psychiatrist practicing in Kentucky and was eligible to receive reimbursement from Medicare, Medicaid, and CHAMPUS. Between October 1, 1989 and December 21, 1991, plaintiff conspired with his employees to submit false claims to the United States to defraud these three health care programs. Fraudulent claims for reimbursement during this time period were submitted to Medicare in the amount of $26,110, to Medicaid in the amount of $36,149, and to CHAMPUS in the amount of $58,232. On August 3, 1992, a grand jury in the Western District of Kentucky returned an indictment against plaintiff charging him with 55 felony counts, including violations of the False Claims Act and mail fraud statutes. A civil action was also filed for the false claims violations. On December 6, 1993, plaintiff executed a plea agreement with the United States and pleaded guilty to all 55 felony counts. Pursuant to the plea, plaintiff's sentence included four months of incarceration and four months of home detention. Plaintiff also agreed to pay the United States $200,000 in settlement of the civil False Claims action.

In November of 1995, the Inspector General of the Department of Health and Human Services [I.G.], informed plaintiff, by letter, that he would be excluded from the Medicare program for ten years. Plaintiff timely appealed that decision and a hearing was scheduled before Administrative Law Judge Mimi Hwang Leahy. Upon reconsideration, ALJ Leahy canceled the hearing after determining that testimony of plaintiff's witnesses was of questionable relevance given the requirement that the mitigating factors that would support a reduction of the time period of exclusion must be evidenced by a finding of the court on the record of the criminal proceeding. The ALJ issued her decision in November, 1996 based solely on the written record.

The ALJ upheld the I.G.'s proposed ten-year exclusion, finding it reasonable in light of the existence of aggravating factors and the absence of mitigating factors, as reflected in the record of the criminal proceedings. The ALJ specifically found that plaintiff had not established the existence of a judicial determination on the record of his criminal proceeding that he had a "mental, emotional, or physical condition before or during the commission of the offense that reduced [his] culpability."

The plaintiff then sought review of the ALJ's decision before the Departmental Appeals Board of the Department of Health and Human Services [DAB]. Plaintiff attached several new exhibits to his Notice of Appeal, one of which was his personal statement detailing events which transpired between August of 1980 and December of 1993. Plaintiff offered no explanation for his failure to submit the personal statement to the ALJ other than that it "may have been inadvertently omitted" by his former counsel. In March, 1997, the DAB advised plaintiff that it had declined to review the ALJ's decision and also that it had rejected his newly proffered exhibits. The DAB found that there was no basis to consider plaintiff's personal statement material or relevant as it added nothing new to the previously adduced evidence and would not have materially affected the outcome of the case.

## Standard of Review

■ The court's review of the Secretary's final decision is governed by 42 U.S.C. § 1320a–7(f), which incorporates the standard of judicial review found in 42 U.S.C. § 405(g). Under that standard, judicial review is limited to determining whether the decision of the Secretary is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir.1981) cert. den., 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983).

■ When the decision of the Secretary is supported by substantial evidence, it will be affirmed even if the District Court would have decided matters differently, and even if substantial evidence would have supported the opposite conclusion. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986)(en banc). The District Court, in fulfilling its duties pursuant to 42 U.S.C. § 405(g), may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

## I. The Exclusion Statute and Its Regulations

Title 42 U.S.C. § 1320a–7(a)(1) requires the Secretary to exclude from participation in the Medicare program and specified state health care programs "[a]ny individual or entity that has been convicted of a criminal offense related to the delivery of an item or service under" such programs. A "conviction" includes a plea of guilty or *nolo contendere* which has been accepted by a state, federal, or local court. 42 U.S.C. § 1320a–7(i)(3). The statute expressly requires that in cases involving a program-related crime "the minimum period of exclusion shall not be less than five years." 42 U.S.C. § 1320a–7(c)(3)(B). The Secretary has issued regulations implementing the exclusion state and

has delegated enforcement of those regulations to the Inspector General. 42 C.F.R. § 1001.1 *et seq.* When the statute requires the imposition of a minimum five year exclusion due to conviction of a program-related crime, the regulations permit the Secretary to increase the duration of the exclusion if specified aggravating factors are found to exist. 42 C.F.R. § 1001.102(b). If the Secretary increases the duration of the exclusion based upon the existence of one or more aggravating factors, the party challenging the exclusion may prove the existence of one or more specified mitigating factors which would warrant a reduction in the exclusion period to less than five years. 42 C.F.R. § 1001.102(c).

The regulations contain an exclusive list of the aggravating facts which may serve as the basis for the Secretary's decision to impose an exclusion period greater than the five year minimum. 42 C.F.R. § 1001.102(b). The aggravating factors are: 1) the acts which resulted in the criminal conviction resulted in a financial loss to the Medicare and Medicaid programs of $1,500 or more; 2) the acts which were the subject of the criminal conviction, or similar acts, were committed over a period of one year or more; and, 5) the sentence imposed by the criminal court included incarceration. 42 C.F.R. § 1001.102(b)(1)(2), and (5).

The regulations also contain an exclusive list of mitigating factors which the Secretary may consider in determining the reasonableness of an exclusion period of over five years. The only mitigating factor at issue in the present case is found at 42 C.F.R. § 1001.102(c)(2) and provides:

The record in the criminal proceedings, including sentencing documents, demonstrates that the court determined that the individual had a mental, emotional, or physical condition before or during the commission of the offense that reduced the individual's culpability.

Individuals and entities excluded from participation in the Medicare program are entitled to review of that decision by an ALJ. 42 U.S.C. § 1320a–7(f). The ALJ issues a decision based on the record and may hold a hearing or decide the case based solely on the documentary evidence. 42 C.F.R. § 1005.4(a). Although the ALJ is not bound by the Federal Rules of Evidence, she must exclude evidence which is irrelevant or immaterial. 42 C.F.R. § 1005.17(c). The ALJ's decision is subject to review by the DAB which may be decline to review the case or may affirm, increase, decrease, reverse, or remand the ALJ's determination. 42 C.F.R. § 1005.21(a) and (g). The DAB will not consider any issues raised in the parties' briefs which could have been, but was not, raised before the ALJ. 42 C.F.R. § 1005.21(e). The DAB must exclude evidence not submitted to the ALJ unless the party proffering the evidence shows that "it is relevant and material and that there were reasonable grounds for the failure to adduce [it] at the hearing." 42 C.F.R. § 1005.21(f). The decision of the DAB, or the decision of the ALJ if the DAB declines review, becomes the final decision of the Secretary in accordance with 42 U.S.C. § 405(g).

### Analysis of the Exclusion Issues

■ In the present case, there was substantial evidence to support the Secretary's decision that all three aggravating factors were present. Plaintiff had been convicted of crimes that resulted in a financial loss to the Medicare and Medicaid programs of $1,500 or more. Actually, the financial loss to Medicare and Medicaid was over $60,000, substantially more than the $1,500 minimum. The fact that the $200,000 that plaintiff agreed to pay the government in settlement of the civil action may reimburse the government for losses it suffered does not alter the fact that plaintiff caused financial loss to the Medicare and Medicaid programs of $1,500 or more. There is nothing in the regulations or statutes that supports the notion that repayment of funds after a conviction eliminates this aggravating factor.

■ The sentence imposed by the court included incarceration. Contrary to plaintiff's argument, it makes no difference that the length of incarceration was less than the maximum allowable under the law. His sentence included incarceration and that is all that the regulations require as an aggravating factor. As to the final aggravating fac-

tor, the acts which were the subject of the criminal conviction extended over a period of more than a year, from October, 1989 to December, 1991. Substantial evidence to support a finding that all three aggravating factors were present in this case was provided by the record of the criminal proceedings.

■ Plaintiff next argues that the Secretary failed to consider plaintiff's mental, emotional or physical condition as a mitigating factor. As is made clear by 42 C.F.R. § 1001.102(c)(2), evidence of this mitigating factor will be considered only if "[t]he record in the criminal proceedings, including sentencing documents, demonstrates that the court determined that the individual had a mental, emotional, or physical condition ... that reduced the individual's culpability." Plaintiff's own statements regarding his substance abuse and how that substance abuse affected his criminal culpability are irrelevant on this issue as the regulation clearly requires a court finding of lessened culpability. Plaintiff has not provided any citation to the record in the criminal proceeding where the court made any finding that plaintiff was less culpable for his crimes due to a dependence on alcohol or drugs. Although the presentence report, prepared by the Probation Office, does state that "the majority of the problems have arisen due to [plaintiff's] use of alcohol," the report does not explain what is meant by plaintiff's "problems" nor does it contain any assertions or findings regarding the severity of plaintiff's alcoholism or its relationship to culpability. The failure of the Secretary to apply this mitigating factor was based on substantial evidence. This passing reference in the presentence report obviously does not amount to a judicial determination of reduced culpability.

## II. Plaintiff's Personal Statement and In–Person Hearing Before the ALJ

Plaintiff contends that his personal statement should have been considered by the DAB and the ALJ should have scheduled an in-person hearing to take and consider evidence regarding plaintiff's drug and alcohol dependence.

■ A reviewing court may remand a case to the agency for submission of new evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record during a prior proceeding." 42 U.S.C. § 405(g). This statement is not "new" evidence; it has been in plaintiff's possession since 1994. Plaintiff contends that his personal statement was referenced in the pre-sentence report, which was considered by the ALJ, and that it "was already a part of the criminal record." Despite this, the fact remains that ALJ Leahy did not have the personal statement at her disposal in deciding the case. Plaintiff could have timely submitted the statement to the ALJ and an inadvertent omission by prior counsel to do so does not constitute "good cause" for his failure to do so.

■ Nor is the personal statement "new." As the DAB found, the contents of the personal statement "are largely reflected in" the pre-sentence report. More important, the personal statement is not material evidence. For the statement to be considered material, plaintiff must show that "there is a reasonable probability that the Secretary would have reached a different disposition ... if presented with the new evidence." *Sizemore v. Secretary of Health and Human Services,* 865 F.2d 709, 711 (6th Cir.1988). The contents of the personal statement do not support plaintiff's endeavor to meet the regulatory requirements of the mitigating factor found at 42 C.F.R. § 1001.102(c)(2) any more than the evidence currently contained in the administrative record. As noted above, for that mitigating factor to apply, there must be a showing of a court determination that plaintiff's alcohol or drug dependence lessened his culpability.

■ Plaintiff also contends that he should be allowed an in-person hearing before the ALJ so that testimony of two medical witnesses may be heard and considered. They would "offer their opinions concerning [plaintiff's] criminal culpability and how such culpability was substantially affected by alcohol abuse." The Secretary properly found this proposed testimony to be irrelevant. It is the opinion of the sentencing judge, and not

those of personal acquaintances or medical experts, that is relevant. The proposed witnesses could offer their personal opinions but would have nothing to add concerning the determinations the court had made as part of the criminal proceeding.

## III. Estoppel

▮ Plaintiff also argues that the Secretary should be estopped from imposing or enforcing the ten-year exclusion. In order to resolve the criminal and civil actions pending against plaintiff, the United States Attorney and plaintiff entered into a plea agreement and global settlement in December of 1993. As part of that settlement and agreement, plaintiff pleaded guilty to 55 felony counts and agreed to pay $200,00 in restitution. The United States Attorney agreed to recommend that plaintiff be excluded from participating in the Medicare program for only two years. A letter from the United States Attorney to the Office of Inspector General, dated December 7, 1993, memorializes the terms of the agreement and states, in part:

Dr. Patel has also asked that my office recommend that Patel be suspended from Medicare for only two years. I told him as plainly as I could that I would make this recommendation—which I do through this letter—but that matter was in the discretion of the Office of Inspector General. Dr. Patel indicated that he understood that.

In response, the Local Special Agent for the Department of Health and Human Services Office of Inspector General recommended that the settlement offer be accepted. Plaintiff argues that this constituted tacit approval by the I.G. of the two-year exclusion from Medicare.

As pointed out by the defendant, it is not entirely clear that estoppel may be asserted by a private party against the government. The United States Supreme Court has never held the government to be estopped against a private party. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 423–23, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). To the extent that estoppel exists as a remedy against the government, the Supreme Court has stated that it is available only under extremely limited circumstances and upon a showing of some form of "affirmative misconduct." *Id. See also, Schweiker v. Hansen*, 450 U.S. 785, 788, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981); *INS v. Hibi*, 414 U.S. 5, 8, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973).

▮ The essential elements of estoppel, as found in federal common law are:

1) conduct or language amounting to a representation of material facts;

2) the party to be estopped must be aware of the true facts;

3) the party to be estopped must intend that the representation be acted on or act such that the party asserting the estoppel has a right to believe it so intended;

4) the party asserting the estoppel must be unaware of the true facts; and

5) the party asserting the estoppel must detrimentally and justifiably rely on the representation.

*Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1217 (6th Cir.1987).

The record in the present case shows that government officials never misrepresented any material fact regarding the recommendation of a two-year exclusion. The United States Attorney made it very clear to plaintiff that the Inspector General would make the determination as to the length of the exclusion and the recommendation was merely a recommendation—not an assurance or a guarantee. Plaintiff acknowledges this when he states, "Dr. Patel was aware that the U.S. Attorney could not guarantee the length of the exclusion period but both he and counsel relied upon the recommendation as to the period of exclusion." (Docket No. 14, p. 8). If plaintiff knew the recommendation was not a guarantee, how can he claim that he was "unaware of the true facts" or that he "justifiably" relied on the recommendation? *See*, elements 4 and 5, *supra*.

Plaintiff has failed to show that the basic elements of estoppel have been met in this case much less the much higher standard of "affirmative misconduct" for estopping the government. That plaintiff chose to place his total reliance on the hope that the recommendation by the United States Attorney

would be adopted by the Inspector General is not the fault of the United States Attorney, and does not provide any basis for relief.

In summary, plaintiff, a highly trained medical professional, refuses to accept the consequences of defrauding the government, i.e. a lengthy exclusion from the Medicare program. His after-the-fact rationalization of his obvious misconduct provides no basis for establishing one of the very narrowly defined mitigating factors. His arguments are simply without merit, given the clarity of definition of the mitigating factors and the very limited scope of review available to this court.

**IT IS THEREFORE ORDERED** that plaintiff's motion is **DENIED.** The administrative decision of the Secretary, which is the subject of this appeal, is **AFFIRMED** and this appeal is **DISMISSED WITH PREJUDICE.**

This is a final and appealable order and there is no just reason for delay.