Nazirul QUAYUM, D.D.S., Plaintiff,

v.

## UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and Inspector General, Defendants.

No. 96 CV 2637.

United States District Court, E.D. New York.

Dec. 8, 1998.

Joseph T. Schmidt, Woodhaven, NY, for plaintiff.

Zachary W. Carter, U.S. Atty., Linda M. Marino, of counsel, Brooklyn, NY, for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Nazirul Quayum, a dentist, brought this action under 42 U.S.C. §§ 405(g) and 1320a–7(f) seeking review of a final decision of the Secretary of the Department of Health and Human Services (the Secretary) excluding plaintiff as a participant in the Medicaid and Medicare Programs for a three-year period. Plaintiff now moves for judgment on the pleadings reversing the final decision of the Secretary. Defendants the United States Department of Health and Human Services (the Department) and the Inspector General of the Department (the Inspector General), cross-move for judgment on the pleadings affirming the Secretary's final decision. The basic facts are not in dispute.

### I.

On January 26, 1993 petitioner testified before the New York State, Kings County, grand jury, which was attempting to ascertain among other things, whether the Medicaid program had been defrauded through a scheme in which employees of pharmacies had bought prescriptions from Medicaid recipients so that the pharmacies could bill the Medicaid program for dispensing drugs without actually doing so. Petitioner was a dentist in a medical center near one of the pharmacies under investigation, and the grand jury believed it material to the investigation to know whether petitioner had discussed the scheme with employees of or other persons connected with the pharmacies.

Petitioner testified to the grand jury that he never talked to specific persons, including doctors, or to any pharmacists, or any employees of pharmacies about the scheme. The grand jury thereafter indicted petitioner for perjury in the first degree. On April 15, 1994 petitioner pled guilty in New York Supreme Court, Kings County, before Justice A. Frederick Meyerson, to attempted perjury in the first degree, a class E felony, in violation of New York Penal Law §§ 110.00 and 210.15. At the allocution before Justice Meyerson petitioner admitted that he knowingly testified falsely before the grand jury under oath as to questions relating to conversations with employees in a pharmacy and in the medical center. The prosecutor advised the court and the defendant and his lawyer that as a matter of course the prosecutor automatically refers to the appropriate agency the fact of the conviction of any Medicaid provider.

### II

In a letter dated March 21, 1995 the Inspector General notified plaintiff he was being excluded from participation in the Medicare and Medicaid programs for a term of three years pursuant to section 1128(b)(2) of the Social Security Act (the Act), 42 U.S.C. § 1320a–7(b)(2).

Section 1128(b)(2) authorizes the Inspector General to exclude from participation in Medicare and Medicaid programs "[a]ny individual or entity [that] has been convicted, under Federal or State law, in connection with the interference with or obstruction of an investigation into any criminal offense described in [section 1128(b)(1) of the Act]." That subsection is broadly worded to cover offenses "relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct," where the misconduct concerns programs operated or financed by any Federal, State, or local gov-

ernment. Plainly the investigation of fraud in the Medicaid programs falls within the scope of the Act.

On May 9, 1995 plaintiff appealed, and on December 15, 1995 an Administrative Law Judge, Jill S. Clifton, affirmed the Inspector General's decision. On March 20, 1996 the Departmental Appeals Board declined to review the Administrative Law Judge's decision. This action followed on May 24, 1996.

### III

Based on the undisputed evidence the Administrative Law Judge found that plaintiff was convicted of a criminal offense within the meaning of section 1128(i)(3) of the Act, that his conviction was in connection with the interference with or obstruction of an investigation into a criminal offense relating to the delivery of an item or service under Medicaid, as described in section 1128(a), within the meaning of section 1128(b)(2) of the Act, that a three-year exclusion was reasonable, that plaintiff's exclusion was not unfair, and that in any event the Administrative Law Judge was not authorized to set aside a valid exclusion for equitable considerations.

### IV

The Act provides that the findings of the Secretary as to any fact shall be conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). This provision is incorporated into the Secretary's exclusion authority by 42 U.S.C. § 1320a–7(f). The Secretary's findings must be upheld "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *See Friedman v. Secretary of Health and Human Services,* 819 F.2d 42, 44 (2d Cir.1987) (citations omitted).

Review of decisions of the Inspector General to exclude individuals or entities from the Medicare and Medicaid programs is limited to reviewing only the issues of whether (1) the basis for the imposition of the sanction exists, and (2) the length of exclusion is reasonable. *See* 42 C.F.R. § 1001.2007(a)(1). When the exclusion is based on the existence of a conviction, a plaintiff may not attack collaterally the determination on either sub-

stantive or procedural grounds. *See* 42 U.S.C. § 1001.2007(d).

Plaintiff made before the Administrative Law Judge, and makes here, the following two arguments: (1) his conviction was for attempted perjury, and not for "hindering prosecution," and (2) he did not in fact obstruct or interfere with an investigation because the investigation was already over when he gave his perjured testimony.

■ Section 210.15 of the New York Penal Law making perjury a crime, does not mention "hindering prosecution." It says that a person is guilty of perjury when his testimony is false and "material" to the proceeding. Under New York law "the test of materiality" is "whether the false testimony has the natural effect or tendency to impede, influence or dissuade the grand jury from pursuing its investigation." *People v. Davis,* 53 N.Y.2d 164, 171, 440 N.Y.S.2d 864, 868, 423 N.E.2d 341 (1981) (*quoting United States v. Stone,* 429 F.2d 138, 140 (2d Cir.1970)). Plainly plaintiff's false testimony was "material" to the investigation the grand jury was pursuing.

Moreover, the Administrative Law Judge said that the broad scope of section 1128(b)(2), particularly the language "in connection with" did not require plaintiff to have been convicted of a specific offense of interference with an investigation, nor did it require plaintiff to have been involved with the wrongdoing investigated. Instead, section 1128(b)(2) permits the exclusion of individuals convicted of crimes "in connection with" the interference with or obstruction of an investigation.

As the Administrative Law Judge said, the phrase "in connection with" is equivalent to the phrase "related to" as used in section 1128(a) of the Act, and means that there is "a nexus or common sense connection between the perjury and interference with or obstruction of an investigation." The preamble to the notice of proposed rulemaking for 42 C.F.R. § 1001.301, the regulation implementing section 1128(b)(2) of the Act, lists perjury as an example of the type of conviction covered by the section.

The Administrative Law Judge rejected plaintiff's second argument, that he did not obstruct the investigation because the investigation was over and that his grand jury appearance was really a "perjury trap." This ruling was plainly correct. As the Administrative Law Judge said, the prosecutor could not have known plaintiff would lie before the grand jury, and plaintiff did not show that the investigation had ended.

Although plaintiff disputed that his attempted perjury was related to Medicaid, the language of the indictment to which he pleaded states that his testimony was material to the Medicaid fraud investigation.

■ Plaintiff's claim that his exclusion is unfair is without merit. He was on notice that his conviction would be reported to the Inspector General and that she was not authorized by the Act to set aside a valid exclusion based on equitable considerations. The prosecutor told him "when any Medicaid provider is convicted of any crime, my office automatically refers the fact of that conviction to the appropriate agency."

Under 42 C.F.R. § 1001.301(b)(1), an exclusion imposed for a conviction relating to an obstruction of an investigation "will be for a period of 3 years, unless aggravating or mitigating factors listed in paragraphs (b)(2) and (b)(3) of this section form the basis for lengthening or shortening that period." No such factors were presented in the record.

### V

There is substantial evidence to support the findings of the Administrative Law Judge that plaintiff was convicted in connection with the interference with or obstruction of an investigation into a criminal offense described in section 1128(a) of the Act, within the meaning of section 1128(b)(2) of the Act, and that the three-year exclusion imposed on plaintiff is reasonable. Defendants' motion for judgment on the pleadings is granted. The complaint is dismissed.

So ordered.