**Frank R. PENNINGTON, M.D., Plaintiff,**

v.

**Tommy THOMPSON, Secretary, United States Department of Health and Human Ser Vices, Defendant.**

No. 01–1341.

United States District Court, W.D. Tennessee, Eastern Division.

Jan. 10, 2003.

Robert L. Green, Memphis, TN, for plaintiff.

Sidney P. Alexander, U.S. Attorney's Office, Memphis, TN, Office of Counsel to Inspector General, U.S. Dept. of Health and Human Services, Washington, DC (Sean R. McKenna, Bonnie J. Riley, of counsel)for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TODD, District Judge.

This is an action for judicial review of the final decision of the Secretary of Health and Human Services ("HHS") to impose on Plaintiff Frank R. Pennington a ten-year exclusion from participation in Medicare, Medicaid, and all other federal health care programs. Plaintiff was excluded under § 1128(a)(4) of the Social Security Act ("the Act"), 42 U.S.C. § 1320a–7(a)(4), based on his felony conviction for possession of cocaine base with intent to distribute. Plaintiff does not challenge the imposition of the exclusion but, instead, challenges the length of time of his exclusion. Plaintiff has exhausted his administrative remedies, and the administrative record is before the court. The parties have filed cross motions for summary judgment. For the reasons set forth below, Defendant Secretary's motion for summary judgment is GRANTED, and

Plaintiff's motion for summary judgment is DENIED.

The facts in this matter are undisputed.[1] Plaintiff was licensed to practice medicine and worked as a physician in the state of Tennessee. On June 9, 1998, Plaintiff was indicted in the United States District Court for the Western District of Tennessee on one count of "unlawfully, wilfully, and knowingly possess[ing] with intent to distribute approximately 15.1 grams of cocaine base (crack cocaine), a controlled substance." On June 17, 1999, Plaintiff pled guilty to possession of less than five grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Plaintiff was sentenced to a term of imprisonment of forty-seven months and a term of supervised release and was ordered to pay a fine in the amount of $75,000 in addition to a special assessment of $100. Based on Plaintiff's felony conviction, the Tennessee Board of Medical Examiners revoked Plaintiff's license to practice medicine on November 9, 1999.

Plaintiff was notified by HHS of his exclusion from participation in Medicare, Medicaid, and all other federal health care programs by letter dated June 30, 2000. The letter stated that Plaintiff's exclusion was for a period of ten years based on the presence of aggravating factors in his case. On August 14, 2000, Plaintiff requested a hearing to consider modification of the ten year exclusion. After being briefed by the parties, the Administrative Law Judge ("ALJ") rendered his decision on April 20, 2001, affirming the imposition of the ten year exclusion. Plaintiff filed a notice of appeal from the ALJ's decision on June 25, 2001. On September 14, 2001, the appellate division affirmed the decision of the ALJ. This determination constitutes the final decision of the Secretary. Plaintiff filed his appeal in this court on November 19, 2001.

■ The court's review of the Secretary's final decision is governed by 42 U.S.C. § 1320a–7(f), which incorporates the standard of judicial review found in 42 U.S.C. § 405(g). *See Quayum v. United States Dept. of Health and Human Serv.,* 34 F.Supp.2d 141 (E.D.N.Y.1998) (Section 405(g) which provides that the findings of the Secretary as to any fact shall be conclusive if supported by substantial evidence is incorporated into the Secretary's exclusion authority by 42 U.S.C. § 1320a–7(f).)[2] Under that standard, judicial review is limited to determining whether the decision of the Secretary is supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. It is such

---

1. Although cross-motions for summary judgment do not necessarily demonstrate that no genuine issues of material fact exist, *see United States v. Byrum,* 408 U.S. 125, 92 S.Ct. 2382, 33 L.Ed.2d 238 (1972), the parties agree that this case does not involve any disputed facts; therefore, the court's ruling depends upon a resolution of questions of law.

2. Plaintiff asserts that the court's scope of review is governed by the Administrative Procedure Act, 5 U.S.C. § 706. However, 42 U.S.C. § 1320a–7(f)(1) provides that:

   Subject to paragraph (2), any individual or entity that is excluded (or directed to be excluded) from participation under this section is entitled to reasonable notice and opportunity for a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title, and to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title, except that, in so applying such sections and section 405(*l*) of this title, any reference therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the Secretary or the Department of Health and Human Services, respectively.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 535 (6th Cir.1981), *cert. den.,* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983).

When the decision of the Secretary is supported by substantial evidence, it must be affirmed even if the district court would have decided matters differently and even if substantial evidence would have supported the opposite conclusion. *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986). The court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir.1984).

Section 1128 of the Act authorizes the Secretary to exclude certain individuals and entities from participation in federal health care programs, including Medicare and Medicaid. *See* 42 U.S.C. § 1320a–7. Specifically, § 1320(a)–7(a)(4) provides that the Secretary shall exclude from participation in any federal health care program "[a]ny individual or entity that has been convicted for an offense which occurred after August 21, 1996, under Federal or State law, of a criminal offense consisting of a felony relating to the unlawful manufacture, distribution, prescription, or dispensing of a controlled substance." An individual is considered to have been "convicted" if a judgment of conviction has been entered against the individual by a federal, state, or local court or if the individual has entered a plea of guilty or nolo contendere that has been accepted by a federal, state, or local court. 42 U.S.C. §§ 1320a–7(i)(1) and (3); 42 C.F.R. § 1001.2.

Exclusions imposed under § 1128(a) of the Act are for a minimum period of five years. 42 U.S.C. § 1320a–7(c)(3)(B); 42 C.F.R. § 1001.102(a).[3] An exclusion of longer than five years may be imposed if certain aggravating factors are present. 42 C.F.R. § 1001.102(b). The aggravating factors include (1) a sentence imposed by the court that includes incarceration and (2) an adverse action taken by a federal, state, or local government agency or board against the individual based on the same set of circumstances that served as the basis for exclusion. 42 C.F.R. §§ 1001.102(b)(5) and (9). If the presence of one or more aggravating factors justifies a longer period of exclusion, then certain mitigating factors may reduce that period. 42 C.F.R. § 1001.102(c). However, the exclusion period may not be reduced to less than the minimum statutory period of five years. *Id.* The individual sought to be excluded has the burden of proof in establishing any mitigating factors. 42 C.F.R. § 1005.15(b)(1).

In the present case, the ALJ ruled that a basis existed for the exclusion of Plaintiff under § 1128(a)(4) of the Act, based on Plaintiff's conviction of a felony offense that related to the unlawful manufacture, distribution, prescription, or dispensing of a controlled substance. R. at 5. The ALJ found the existence of two aggravating factors: (1) Plaintiff was sentenced to a period of incarceration and (2) Plaintiff was the subject of other adverse action by a state government board based on the same set of circumstances, i.e., Plaintiff's license to practice medicine was revoked based on the same set of circumstances that served as the basis for his exclusion. R. at 6. The ALJ also determined that there were no mitigating factors. R. at 6.

---

**3.** The Secretary has delegated enforcement of the regulations implementing the exclusion statute to the Inspector General. *Patel v.*

*Shalala,* 17 F.Supp.2d 662, 665–66 (W.D.Ky. 1998) (citing 42 C.F.R. § 1001.1 *et seq.*).

After weighing the aggravating factors against the lack of mitigating factors, the ALJ found that the ten year exclusion was reasonable. R. at 6. The ALJ stated that the facts and circumstances of the case established that Plaintiff is an individual "who cannot be presently trusted to properly consider the integrity of the Federal health care programs or the well-being of their beneficiaries." R. at 7. The Departmental Appeals Board ("DAB") affirmed the ALJ's ruling and found that the ten year exclusion "was within a reasonable range given all the relevant circumstances." R. at 16.

Plaintiff concedes that a basis for exclusion exists under § 1128(a)(4) of the Act. *See* Plaintiff's Response at p. 5. Accordingly, based on this concession and the evidence in the administrative record that Plaintiff was convicted of a felony within the meaning of § 1128(a)(4), the court finds that substantial evidence supports the determination that Plaintiff should be excluded from participation in Medicare, Medicaid, and other federal health care programs.

Plaintiff contends, however, that he should have been excluded for the mandatory five year period rather than for a ten year period. According to Plaintiff, the ALJ failed to exercise his discretion when he found that Plaintiff's sentence of incarceration was an aggravating factor because the federal sentencing guidelines mandated a period of incarceration. Plaintiff also objects to the use of the revocation of his medical license as an aggravating factor. Additionally, Plaintiff argues that the ALJ should have relied on the transcripts from his guilty plea hearing and his sentencing hearing to find the presence of mitigating factors.

It is undisputed that Plaintiff was sentenced to a period of incarceration of forty-seven months, which is at the low end of the range assigned by the applicable federal sentencing guidelines. An aggravating factor is present when a sentence includes incarceration, regardless of the length of the incarceration. 42 C.F.R. § 1001.102(b)(5). Because Plaintiff's sentence included a period of incarceration, regardless of the length of the incarceration, the aggravating factor set forth in 42 C.F.R. § 1001.102(b)(5) is present. As stated in *Patel v. Shalala*, 17 F.Supp.2d 662 (W.D.Ky.1998),

> The sentence imposed by the court included incarceration. Contrary to plaintiff's argument, it makes no difference that the length of incarceration was less than the maximum allowable under the law. **His sentence included incarceration and that is all that the regulations require as an aggravating factor.**

*Id.* at 666 (emphasis added). Thus, Plaintiff's incarceration was properly found to be an aggravating factor.

As to the second aggravating factor, clearly, the revocation of a medical license is "an adverse action taken by a federal, state, or local government agency or board against the individual" within the meaning of 42 C.F.R. § 1001.102(b)(9), and Plaintiff does not dispute that his medical license was revoked based on the same set of circumstances that formed the basis for his exclusion. Therefore, the elements necessary to establish § 1001.102(b)(9) as an aggravating factor have been met. Plaintiff, however, contends that, because the revocation was required by statute, it was not reasonable to rely on this as an aggravating factor. Plaintiff cites no authority in support of his argument, and the court finds that the argument is without merit.

The regulations make no distinction between adverse actions taken by government agencies or boards that are mandated by statute or those that are merely allowable. Plaintiff argues that "the fact

that the Tennessee Board of Health revoked the Plaintiff's medical license, as it was required to do by statute, is hardly the type of situation which can logically and rationally be called an aggravating factor." Plaintiff's Response at p. 6. However "illogical" or "irrational" Plaintiff deems this to be, the express terms of the regulation allow for such a finding.

Furthermore, the record shows that the ALJ did, in fact, exercise his discretion in increasing the exclusion period. The ALJ found as follows:

> In this case, the aggravating factors established by the I.G. prove Petitioner to be an individual who cannot presently be trusted to properly consider the integrity of the federal health care programs or the well-being of their beneficiaries. The dangers to society of illegal drugs and the illicit use and distribution of controlled substances are well-known. Petitioner was sentenced to a lengthy period of incarceration which indicates both his involvement in such enterprises and the danger he posed to others. The action of the TBME in revoking Petitioner's medical license also underscores the danger he posed to patients by his illicit involvement with illegal controlled substances. As a physician, Petitioner posed a double harm to others. His admitted use of such substances could impair his medical treatment of his patients. As the crime for which he was involved was an intent to distribute, he engaged in conduct which could directly result in the proliferation of illegal narcotic use.

R. at 7. The ALJ's findings reflect that he did, in fact, exercise his discretion in determining that the two aggravating factors had been established.

Finally, Plaintiff objects to the finding that no mitigating factors were present in this case. The regulations contain an exclusive list of mitigating factors which may be considered in determining the reasonableness of an exclusion period of over five years. The only mitigating factor at issue here is found at 42 C.F.R. § 1001.102(c)(2) which provides:

> The record in the criminal proceedings, including sentencing documents, demonstrates that the court determined that the individual had a mental, emotional, or physical condition before or during the commission of the offense that reduced the individual's culpability.

Plaintiff has not cited any portion of the record in the criminal proceeding in which the sentencing court made a finding that he had a "mental, emotional, or physical condition" that reduced his culpability. Although the criminal proceeding records were not before the ALJ, the DAB reviewed those records and found that the sentencing judge "expressly determined that no downward departure from the sentencing guidelines was justified by [Plaintiff's] drug addition or 'addictive personality.'" R. at 16,133.[4] Plaintiff has, therefore, failed to demonstrate the existence of a mitigating factor.

Because the decision of the Secretary in excluding Plaintiff from participation in Medicare, Medicaid, and other federal health care programs for a period of ten years is supported by substantial evidence, the decision of the Secretary is AFFIRMED. Consequently, Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judg-

---

**4.** The DAB found that Plaintiff had failed to timely offer his plea and sentencing transcripts in support of his appeal. However, the DAB reviewed the records and deter-mined that the transcripts offered "nothing material to the issues relevant" to the appeal. R. at 11.

ment is GRANTED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.