STATE of Wisconsin, Plaintiff-Respondent,

v.

Jose C. SANTOS, Defendant-Appellant.†

Court of Appeals

*No. 86–0761–CR. Submitted on briefs November 12, 1986.—
Decided January 27, 1987.*

(Also reported in 401 N.W.2d 856.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the defendant-appellant the cause was submitted on the briefs of *Ben Kempinen* and *Legal Assistance to Institutionalized Persons Program*, of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *David J. Becker*, assistant attorney general.

Before Dykman, J., Eich, J., and Sundby, J.

DYKMAN, J.   Jose Santos appeals from an order denying his postconviction motion to withdraw his guilty pleas because of ineffective assistance of counsel. The issue is whether trial counsel's failure to inform defendant of the immigration consequences of his conviction constitutes ineffective assistance. We conclude that defendant was not denied effective assistance of counsel because counsel was not required to advise him of these collateral consequences. We therefore affirm.

Defendant is a Cuban who arrived in the United States as part of the Mariel boatlift in June, 1980. He

pled guilty to three counts of burglary, Class C felonies, contrary to sec. 943.10(1)(a), Stats. He sought postconviction relief under sec. 974.06, Stats., on the grounds that he was denied effective assistance of counsel.

Trial counsel was appointed to represent defendant, who was indigent. In an affidavit in support of defendant's motion, trial counsel stated that he was aware at the time he was appointed that defendant was a Cuban alien. He negotiated a guilty plea to the burglary charges but did not inform defendant that conviction on these counts could result in deportation.[1] He did not discuss with defendant the possibility of seeking a judicial recommendation against deportation because it did not occur to him that deportation would be a consequence of defendant's conviction. Had he known that deportation might result, he would have requested that the trial court recommend that defendant's conviction not be the basis for deporting him.[2] Trial counsel was aware that defendant did not want to return to Cuba but was unaware of the risks defendant might face upon his return to Cuba.

In his affidavit, defendant states that he would not have pled guilty on trial counsel's advice had he known that conviction might result in deportation. Trial counsel never informed him of the immigration consequences of his plea and did not suggest the judicial recommendation procedure. Defendant believes that if he is returned to Cuba he would be

---

[1]*See* 8 U.S.C. sec. 1251(a)(4) (1982) (deportable aliens).

[2]8 U.S.C. sec. 1251(b)(2) (1982) provides that a sentencing court may recommend to the United States Attorney General that an alien not be deported under 8 U.S.C. sec. 1251(a)(4) (1982) because of a conviction. The alien may not then be deported because of the conviction.

subjected to additional confinement, punishment, torture and possibly execution. He has requested political asylum in the United States.

The trial court denied defendant's postconviction motion to withdraw his guilty pleas in March, 1986. The court accepted defendant's allegations regarding trial counsel's conduct as true and concluded that his conduct did not deny defendant effective assistance of counsel.

Criminal defendants are guaranteed the right to effective assistance of counsel by the sixth and fourteenth amendments to the United States Constitution and by art. I, sec. 7 of the Wisconsin Constitution. *State v. Felton*, 110 Wis. 2d 485, 499, 329 N.W.2d 161, 167 (1983). The United States Supreme Court recently applied the test set out in *Strickland v. Washington*, 466 U.S. 668, *reh'g denied*, 467 U.S. 1267 (1984) to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. —, 88 L.Ed. 2d 203, 210 (1985).

Deportation is a collateral consequence of a plea. *United States v. Campbell*, 778 F.2d 764, 768–69 (11th Cir. 1985); *Edwards v. State*, 393 So. 2d 597, 598 (Fla. Dist. Ct. App. 1981); *State v. Chung*, 510 A.2d 72, 74–75 (N.J. Super. 1986). We have held that defendants need not be informed of the collateral consequences of a guilty plea. *State v. Madison*, 120 Wis. 2d 150, 160–61, 353 N.W.2d 835, 841 (Ct. App. 1984).[3]

"The courts are divided on the question whether the failure to inform an alien of the immigration

---

[3]We note that sec. 971.08(1)(c), Stats., created by 1985 Wis. Act 252, effective April 24, 1986, requires the trial court to advise defendant that guilty pleas may result in deportation, exclusion or denial of naturalization.

consequences of his guilty plea constitutes ineffective assistance of counsel." (Citations omitted.) *Trench v. I.N.S.*, 783 F.2d 181, 184 (10th Cir. 1986). We agree with the state and federal court cases holding that counsel need not inform an alien defendant of the immigration consequences of a guilty plea. *See Campbell, supra; Chung, supra; Tafoya v. State*, 500 P.2d 247 (Alaska 1972) *cert. denied*, 410 U.S. 945 (1973). *United States v. Parrino*, 212 F.2d 919 (2d. Cir. 1954), *cert. denied*, 348 U.S. 840 (1954).

The reason the United States Constitution requires the states to furnish attorneys for indigents accused of crime is to assure fair trials.

> From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him.

*Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). In Wisconsin, the role of counsel "is to insure reliable guilt determination." (Citation omitted.) *State v. Wickstrom*, 118 Wis. 2d 339, 347, 348 N.W.2d 183, 188 (Ct. App. 1984).

The reason our constitution requires appointment of counsel for indigents is to prevent unreliable convictions. Collateral consequences of conviction are unrelated to a concern that only those who have committed a crime be found guilty. Lack of knowledge of the collateral consequences of a guilty plea does not affect the plea's voluntariness because knowledge of these consequences is not a prerequisite to entering a

knowing and intelligent plea. Therefore, "counsel's failure to advise the defendant of the collateral consequences of a guilty plea [is not] constitutionally ineffective assistance." *Campbell*, 778 F.2d at 768.

Defendant argues that counsel's failure to seek a judicial recommendation against deportation pursuant to 8 U.S.C. sec. 1251(b)(2) (1982) denied him effective assistance of counsel. Because deportation is a collateral consequence of conviction, counsel was not constitutionally required to seek a recommendation that defendant not be deported because of his conviction.

*By the Court.*—Order affirmed.

SUNDBY, J. *(dissenting)*. The majority states that the reason the constitution requires appointed counsel for an indigent is to assure the defendant a fair trial. However, the trial doesn't end when the jury is dismissed. The United States Supreme Court has adopted the rule that an accused has a constitutional right to be represented by counsel at any "critical" stage of the proceedings. *White v. Maryland*, 373 U.S. 59 (1963). The Wisconsin Supreme Court has held that sentencing is a critical stage of a criminal prosecution. *State v. Strickland*, 27 Wis. 2d 623, 635, 135 N.W.2d 295, 302 (1965). Santos was entitled to the effective assistance of counsel during sentencing. By his counsel's own admission, he didn't get it. I would allow Santos to withdraw his guilty plea so that he may seek a judicial recommendation under 8 U.S.C. sec. 1251(b) regarding his deportation.

Although deportation is a collateral consequence of conviction, the recommendation pursuant to 8 U.S.C. sec. 1251(b) is part of the sentencing process to

which the sixth amendment safeguards are applicable. *Janvier v. United States*, 793 F.2d 449, 455 (2d Cir. 1986).

Here trial counsel admitted he would have made a request for judicial recommendation if he had known the remedy existed. Trial counsel was aware that Santos was a Cuban refugee but failed to discharge his duty of educating himself as to possible deportation remedies.

Effective assistance at sentencing requires the defense attorney to investigate relevant dispositions and their consequences. Counsel's duties at sentencing are described by the ABA Standards for Criminal Justice, Sentencing Alternatives and Procedures, sec. 18–6.3 (2nd ed. 1980):[1]

> (e) The defense attorney should recognize that the sentencing stage is the time at which for many defendants the most important service of the entire proceeding can be performed.
> (f) The duties of the defense attorney with respect to each specific sentence should include the following steps:
> (i) The attorney should familiarize himself or herself with all of the sentencing alternatives that are available for the offense of which the client has been convicted and with community and other facilities which may be of assistance in a plan for meeting the needs of the defendant. Such preparation should also include familiarization with the practical consequences of different sen-

---

[1]In *State v. Felton*, 110 Wis. 2d 485, 329 N.W.2d 161 (1983), and *State v. Pitsch*, 124 Wis. 2d 628, 369 N.W.2d 711 (1985), the supreme court relied on similar ABA standards in evaluating counsel's performance.

tences and with the normal pattern of sentences for the offense involved ...

....

(iv) In appropriate cases, the attorney should make special efforts to investigate the desirability of a disposition which would particularly meet the needs of the defendant ....

The prejudice suffered by Santos is obvious. He lost the opportunity to seek a judicial recommendation against deportation. Whether or not the trial court would have given the recommendation is not relevant at this stage. We cannot guess how the trial court would exercise its discretion when presented with evidence.

Santos has been deprived of his sixth amendment right to counsel. The deprivation of a constitutional right is cause to allow a defendant to withdraw his guilty plea. *Strickland*, 27 Wis. 2d at 627–28, 135 N.W.2d at 299.