STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert L. MYERS, Jr., Defendant-Appellant.†

Court of Appeals

*No. 95–1480–CR. Submitted on briefs November 9, 1995.—Decided January 17, 1996.*

(Also reported in 544 N.W.2d 609.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Robert Myers appeals his conviction for first-degree sexual assault of a child, having pleaded guilty to the charge. He argues that the trial court wrongly denied his postconviction motion to withdraw his guilty plea. Myers' postconviction motion alleged that his plea was not knowing and voluntary. He based this claim on the fact that the trial court had not informed him that his sexual assault conviction might furnish a predicate offense for a potential ch. 980, STATS., sexual predator commitment at some later

date. Myers also argues that our July 26, 1995, order wrongly denied his motion to dismiss the appeal without prejudice and to remand the matter to the trial court for a new postconviction motion. We reject these arguments and therefore affirm Myers' conviction.

■

We agree with the State that the potential for a future ch. 980, STATS., commitment was a collateral consequence of Myers' guilty plea. Trial courts may not accept a guilty plea unless they are satisfied that the plea is knowing and voluntary. *State v. James,* 176 Wis. 2d 230, 238, 500 N.W.2d 345, 348 (Ct. App. 1993). Those entering guilty pleas must have sufficient awareness of the relevant circumstances and likely consequences that could follow. *Id.* Although trial courts must inform defendants of the direct consequences of their pleas, trial courts have no obligation to inform defendants of their convictions' collateral consequences. *Id.* Collateral consequences are those that have no definite, immediate or largely automatic effect on the range of the pleader's punishment. *Id.*

■

A future ch. 980, STATS., commitment will not automatically flow from Myers' conviction for first-degree sexual assault of a child. Although such a commitment will require a prior predicate offense, Myers' offense, by itself, will not trigger a commitment. Rather, a commitment will depend on Myers' condition at the time of the ch. 980 proceeding and the evidence that the State will then present on his condition. If the State were to initiate such commitment proceedings, Myers will have the full benefit of the ch. 980 procedures, due process, and an independent trial, including the right to offer evidence to refute the State's charges. Other courts have held that such potential future commitments will

depend on future trials and evidence, not on prior guilty pleas, and therefore constitute collateral consequences of those guilty pleas, not immediate, direct consequences. *See Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366-67 (4th Cir. 1973). We agree with the *Cuthrell* court's analysis. In sum, Myers needed no knowledge of the potential for a future chapter 980 commitment in order to make his plea knowing and voluntary.

We also reject Myers' argument that we improperly denied his earlier motion to dismiss his appeal without prejudice and to remand the matter to the trial court. He essentially asks for reconsideration of our July 26, 1995 order. Myers sought the remand to allow him to file a new postconviction motion under RULE 809.30, STATS. Myers' new postconviction motion would have alleged that his trial counsel, before permitting Myers to plead guilty, failed to inform him of his right to poll the jury had he not pleaded guilty and instead elected a trial. He would have based his motion on a decision we had initially recommended for publication. *State v. Reichling*, No. 94–1818, slip op. (Wis. Ct. App. July 6, 1995). This argument fails for three reasons.

First, the rules of appellate procedure bar requests for reconsideration, RULE 809.24, STATS., and we therefore have no obligation to consider it. Second, we have withdrawn the *Reichling* decision, and Myers therefore suffered no prejudice. Third, criminal litigants who have already filed appeals have no automatic right to a remand to permit them to raise new issues by RULE 809.30, STATS., postconviction motion. Such remands are matters of appellate court discretion, not matters of right, and depend on the strength of the moving party's arguments in support of the remand. Whenever crimi-

nal litigants wish to submit postconviction motions after having already filed appeals, they may have no alternative but to pursue the postconviction remedies available under § 974.06, STATS. In sum, we decline to reconsider our earlier order.

*By the Court.*—Judgment and order affirmed.