STATE of Wisconsin, Plaintiff-Respondent,

v.

Frank J. KOSINA, Defendant-Appellant.

Court of Appeals

*No. 98–3421–CR.  Submitted on briefs March 30, 1999.—Decided April 27, 1999.*

(Also reported in 595 N.W.2d 464.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Daniel Snyder*, Park Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P.J.    Frank J. Kosina appeals a judgment of conviction for misdemeanor disorderly conduct and an order denying postconviction relief. Kosina's sole argument is that the circuit court erred by denying his motion to withdraw his guilty plea.[1] Kosina contends that he was not informed that his conviction would result in a permanent prohibition of firearms possession under 18 U.S.C.A. §§ 921 and 922 (1976 & West Supp. 1999).[2] Kosina argues that because he was not

---

[1] This opinion was decided by a 3-judge panel pursuant to the court's November 27, 1998, order.

[2] These statutes prohibit one convicted of a misdemeanor involving domestic violence from possessing firearms or ammunition.

advised of these provisions, his plea was not knowingly and voluntarily entered and that withdrawal was necessary to correct a manifest injustice. We conclude that the federal statutes' effect is not an automatic consequence of Kosina's plea because the application of his misdemeanor disorderly conduct conviction to the federal statute's scope must be resolved before the statute's restrictions take effect. Furthermore, even assuming the federal statute applies, we nonetheless conclude the effect of these federal firearms statutes is a collateral consequence of Kosina's guilty plea because the statute is enforced by a different jurisdiction. Accordingly, we are satisfied that Kosina's plea was voluntarily entered and affirm.

Kosina was charged with one count of disorderly conduct in violation of § 947.01, STATS. The conviction was based on an incident during which he allegedly struck his wife with a pillow, threw her from the door as she attempted to leave, grabbed her by the armpits and threw her against a stove causing injury to her arm, and pulled the telephone cord out of the wall before she was able to flee. Kosina appeared pro se at his plea hearing. The trial court conducted an extensive colloquy pursuant to the requirements of § 971.08, STATS., accepted Kosina's guilty plea, and placed him on probation for one year with the condition that he complete the batterer's program. Kosina, now represented by counsel, filed a postconviction motion to withdraw his guilty plea alleging that he entered his plea not knowing his conviction could result in the loss of his right to possess a firearm under federal law. The circuit court denied postconviction relief and concluded that the effect of the federal firearms statutes was a collateral consequence of Kosina's guilty plea because a

484

federal tribunal needed to determine the statutes' application.

■

Whether to permit withdrawal of a guilty plea is a discretionary decision for the trial court. *State ex rel. Warren v. Schwarz*, 219 Wis. 2d 616, 636, 579 N.W.2d 698, 708 (1998). The trial court's decision will be overturned only if the court erroneously exercised its discretion. *Id*. In reviewing a discretionary decision, we examine the record to determine if the court logically interpreted the facts, applied the proper legal standard, and used a demonstrated rational process to reach a conclusion that a reasonable judge could reach. *State v. Keith*, 216 Wis. 2d 61, 69, 573 N.W.2d 888, 892–93 (Ct. App. 1997).

Section 971.08(1)(a), STATS., requires the judge taking the plea to "determine that the plea is made voluntarily and with understanding of the nature of the charge and the potential punishment if convicted." A plea is not knowingly, voluntarily, and intelligently entered, and a manifest injustice results when a defendant does not know what sentence could actually be imposed. *Warren*, 219 Wis. 2d at 636–37, 579 N.W.2d at 708. An understanding of potential punishments or sentences includes knowledge of the direct consequences of the plea, but does not require that a defendant be informed of consequences collateral to the plea. *Id*. at 637, 579 N.W.2d at 708. A defendant who was not informed of the direct consequences of his plea did not enter his plea knowingly, intelligently and voluntarily and is entitled to withdraw it to correct a manifest injustice. *State v. Madison*, 120 Wis. 2d 150, 159, 353 N.W.2d 835, 840 (Ct. App. 1982). No manifest injustice occurs, however, when the defendant is not informed of a collateral consequence. *Id*.

We are therefore required to determine whether the effect of §§ 921 and 922, prohibiting those convicted of a misdemeanor crime of domestic violence from possessing a firearm or ammunition, is a direct or collateral consequence of Kosina's guilty plea.[3] A direct consequence of a plea has a definite, immediate, and largely automatic effect on the range of a defendant's punishment. *State v. James*, 176 Wis. 2d 230, 238, 500 N.W.2d 345, 348 (Ct. App. 1993). A collateral consequence, in contrast, does not automatically flow from the plea. *State v. Myers*, 199 Wis. 2d 391, 394, 544 N.W.2d 609, 610 (Ct. App. 1996). In some cases, a particular consequence is deemed "collateral" because it rests in the hands of another government agency or different tribunal. *Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988). It can also be collateral because it depends upon a future proceeding. *Myers*, 199 Wis. 2d at 394, 544 N.W.2d at 610–11.[4]

---

[3] 18 U.S.C.A. § 922(g)(9) (West Supp. 1999), provides in relevant part:

**(g)**  It shall be unlawful for any person—

(9)  who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 921(a)(33)(A)(i) and (ii) (West Supp. 1999), defines "misdemeanor crime of domestic violence" as an offense that

(i)  is a misdemeanor under Federal or State law; and

(ii)  has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse . . . by a person who is cohabiting with or has cohabited with the victim as a spouse . . . .

[4] In *Myers*, for example, we concluded that the potential for Myers to be committed as a sexual predator following his sexual

Kosina argues that § 922 takes effect at the moment the misdemeanor conviction is entered and therefore is a direct, immediate, and automatic consequence of his plea. We disagree.

We first conclude that the effect of § 922 is not an automatic consequence of Kosina's plea because the application of his misdemeanor disorderly conduct conviction to the federal statutes' scope remains open and must be resolved before the statute's firearm prohibition takes effect. The restrictions of § 922 only apply to persons convicted of a misdemeanor crime of domestic violence. Kosina was convicted of misdemeanor disorderly conduct in violation of § 947.01, STATS. We observe, however, that the trial court made no explicit factual determination that Kosina's disorderly conduct conviction was related to domestic violence. Accordingly, we are confronted with the question whether the federal statute prohibiting firearm possession applies automatically to a state disorderly conduct conviction absent a state court finding that the conviction involves domestic violence. Under these circumstances, the question of the state disorderly conduct conviction's application to the federal statute's scope must be determined before the federal statute's consequences can take effect. We conclude that because Kosina can, as a preliminary matter, contest the federal statute's applicability to his state conviction, the operation of the federal firearm prohibition is not automatic. If it is determined that Kosina's conviction does not fall within § 922's scope, then the federal statute

assault conviction was a collateral consequence because his commitment as a sexual predator was contingent on a future commitment hearing. *State v. Myers*, 199 Wis. 2d 391, 394, 544 N.W.2d 609, 610–11 (Ct. App. 1996).

does not apply and its restrictions do not have an automatic effect on Kosina's range of punishment. Because the application of the federal statute to Kosina's conviction can still be contested, the federal statute's effects are not automatic in time or impact on Kosina's conviction.[5]

Even assuming, however, that the federal statute applies to the disorderly conduct conviction because it involves domestic violence, we conclude that its effect is a collateral consequence of Kosina's plea. We recognize that the federal statute would apply to Kosina as soon as he was convicted of disorderly conduct because upon conviction Kosina would be restricted from possessing a firearm or ammunition in or affecting commerce. However, that restriction is not a direct consequence of his plea because a direct consequence must have a direct, immediate, and automatic *effect on the range of Kosina's punishment* for disorderly conduct.

The federal statute's consequences arise under the authority of federal law and are imposed by a federal tribunal. Because the prohibition to possessing firearms arises from a body of law that is collateral to the state court proceedings, any consequence arising under that law must also be collateral. Whether Kosina experiences the effect of the federal statute is not a

[5] Our conclusion is confined to the question whether § 922 applies automatically when the trial court does not make a domestic violence determination. A different case is presented where the trial court makes a factual determination that a misdemeanor disorderly conduct conviction is related to domestic violence. That case, however, is not before us. We do not address the consequences of a trial court making a factual determination that disorderly conduct is related to domestic violence and including in its judgment that the conviction is domestic violence related.

decision in which the trial court participates. Conversely, Kosina's punishment for disorderly conduct is established by state law. Therefore, the firearm prohibition is a separate, peripheral consequence and does not have an immediate or automatic effect on the range of punishment imposed under state law by the trial court accepting the plea. *See Torrey*, 842 F.2d at 236 (a particular consequence is deemed collateral because it rests in the hands of another tribunal).

The application of Kosina's misdemeanor disorderly conduct conviction to the scope of §§ 921 and 922 is unresolved, and therefore the effect of these federal statutes is not automatic. In addition, even if the misdemeanor disorderly conduct conviction falls within the scope of §§ 921 and 922, the federal statutes' effect is a collateral consequence of Kosina's guilty plea and cannot form the basis of a claim of manifest injustice requiring plea withdrawal. Defendants do not have a due process right to be informed of consequences that are merely collateral to their pleas. *See State v. Santos*, 136 Wis. 2d 528, 531, 401 N.W.2d 856, 858 (Ct. App. 1987). Accordingly, we conclude that the trial court was not required to inform Kosina of the effect of §§ 921 and 922 and that it properly exercised its discretion by denying Kosina's motion for plea withdrawal. Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.