The Honorable Jerry Don Ramey Prosecuting Attorney Fifteenth Judicial District P.O. Box 381 Dardanelle, Arkansas 72834
Dear Mr. Ramey:
I am writing in response to your request for an opinion on whether a person who has been convicted of a felony involving violence towards a cohabitant can carry a firearm if the felony was reduced to a misdemeanor sixteen (16) years later with the same underlying facts.
You have recited the following:
 (a) On June 27, 1983 an individual pleads guilty in Gibson County, Tennessee to the felony offense of Aggravated Assault. The individual received a sentence of two (2) years' probation. The facts of the charge centered around an altercation between the individual and a live-in girlfriend.
 (b) On August 22, 1996 a court order was filed in Gibson County, Tennessee restoring the individual to the rights and privileges of full citizenship together with all of the benefits accruing therefrom in accordance with Tennessee Code Annotated, Section 40-29-102. As part of the order the words "public records of this case expunged" are crossed out.
 (c) The individual filed to be elected to the position of constable of an Arkansas township and was subsequently elected to begin service on January 1, 1999.
 (d) On January 29, 1999 an Order was filed in Humboldt, Tennessee directing that the guilty plea regarding the June 27, 1983 conviction for aggravated assault be set aside and held for naught. It further orders that the individual is guilty of disorderly conduct and sentenced to eleven (11) months and twenty-nine (29) days, with the sentence suspended based on good conduct.
You state that you do not question the filing for, or the holding of the office of constable under the facts above. Your question is whether the individual can legally carry a firearm.
RESPONSE
It is my opinion that federal law prohibits the individual you describe from carrying a firearm. The application of Arkansas firearm law to the facts you describe is unclear. In Arkansas, we have no general "restoration of rights" statute,[1] nor any procedural mechanism by which an individual can have a felony conviction reduced to a misdemeanor under the facts you describe. I am thus uncertain how an Arkansas court would interpret the effect of the Tennessee order under Arkansas law. In any event, however, because federal law prohibits the possession of a firearm based even on the more recent misdemeanor conviction, it is unnecessary to analyze the applicability of Arkansas law to the previous felony conviction.
In 1996, the United States Congress passed an amendment to existing firearms law, which disqualifies any person convicted of a "misdemeanor crime of domestic violence" from possessing in or affecting commerce, any firearm. See 18 U.S.C. § 922(g)(9). Section 921(a)(33)(A)(i) and (ii) define a "misdemeanor crime of domestic violence" as one which: 1) "is a misdemeanor under Federal or State law; and 2) has as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim."
The misdemeanor of which the individual was convicted in 1999 (disorderly conduct), is a misdemeanor under the laws of Tennessee. See Tennessee Code Annotated, § 39-17-305(c). It can have, as an element, the use or attempted use of physical force:
 (a) A person commits an offense who, in a public place and with intent to cause public annoyance or alarm:
(1) Engages in fighting or in violent or threatening behavior;
 (2) Refuses to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard or other emergency; or
 (3) Creates a hazardous or physically offensive condition by any act that serves no legitimate purpose.
 (b) A person also violates this section who makes unreasonable noise which prevents others from carrying on lawful activities.
Tennessee Code Annotated § 39-17-305 ("Disorderly Conduct").
The disorderly conduct statute itself does not refer to or contain as an element a domestic relationship. This is not necessary for purposes of18 U.S.C. §§ 921(g) and 922(a)(33). See, e.g., United States v. Smith,171 F.3d 617 (8th Cir. 1999); and United States v. Meade, 175 F.3d 215
(1st Cir. 1999). See also State v. Kosina, 226 Wis. 2d 482,595 N.W.2d 464 (1999) (fact that defendant was not informed that misdemeanor disorderly conduct charge would result in federal firearms disqualification was not grounds to withdraw his guilty plea). The federal provisions require proof of a domestic relationship, but not that it be an element of the predicate misdemeanor. The only element required of the predicate misdemeanor is the use or attempted use of physical force (or the threatened use of a deadly weapon). United States v.Smith, supra. As can be seen from the statute above, some portions of Tennessee's disorderly conduct statute include physical force or attempted physical force as an element and some do not. Under such circumstances, the courts hold that it is necessary to look to the particular charging documents to determine to which section of a statute a defendant pleaded guilty. See again, United States v. Smith, 171 F.3d 617
(8th Cir. 1999), citing Taylor v. United States, 495 U.S. 575 (1990).
The Tennessee charging documents in this particular case, which I have reviewed, reflect that the conduct underlying the "disorderly conduct" conviction involved the use or attempted use of physical force. In addition, the court documents reflect that it was perpetrated against a victim included within the definition of "misdemeanor crime of domestic violence" in 18 U.S.C. § 921(a)(33)(A)(ii). The misdemeanor conviction is outstanding and has not been set aside, expunged, etc. See18 U.S.C. § 921(a)(33)(B)(ii) (allowing persons with certain misdemeanor convictions to possess firearms if the misdemeanor has been expunged, set aside, or if the defendant has had civil rights restored).[2]
It is therefore my opinion that federal law prohibits the individual you describe from carrying a firearm. He has been convicted of a "misdemeanor crime of domestic violence" for purposes of 18 U.S.C. §§ 921 and 922. It is therefore unnecessary to address the applicability of Arkansas State law to the facts your describe.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] There is a specific procedure for the restoration of firearm rights (see A.C.A. § 5-73-103), but you do not indicate that any rights have been restored under this statute.
[2] You state that the individual had his "civil rights" restored in 1996. I do not have a copy of that order, but I assume it was based upon the 1983 felony conviction. No restoration of rights is indicated after the 1999 misdemeanor conviction for purposes of the federal law above. It remains outstanding. In any event, it appears that any restoration of rights in 1996 after the 1983 felony conviction in Tennessee was ineffective to restore the individual's right to possess a handgun under Tennessee law. See Tenn. Code Ann. § 39-17-1307 (b) (prohibiting persons convicted of a felony involving the use or attempted use of force, violence or a deadly weapon from possessing a handgun) and Tenn. Op. Att'y. Gen. 97-169, n. 4.("felons convicted of a `felony involving the use or attempted use of force, violence, or a deadly weapon' . . . may not lawfully possess a handgun under Tennessee law even if they have had their rights restored"). See also on the subject of restoration of rights for purposes of 18 U.S.C. § 922, United States v. White (808 F. Supp. 586
(M.D. Tenn. 1992)) (if any civil disability remains from a felony conviction, as with disqualification to serve on a jury in Tennessee, civil rights for purposes of 18 U.S.C. § 922 have not been restored); andUnited States v. Ramos, 961 F.2d 1003 (1992), cert. denied 506 U.S. 934
(1992) (if the misdemeanor doesn't result in the deprivation of any civil rights, that doesn't mean such rights have been "restored" for purposes of 18 U.S.C. § 921).