STATE of Wisconsin, Plaintiff-Respondent,

v.

Stuart D. YATES, Defendant-Appellant.†

Court of Appeals

*Nos. 99–1643–CR, 99–1644–CR. Submitted on briefs August 14, 2000.—Decided September 6, 2000.*

## 2000 WI App 224

(Also reported in 619 N.W.2d 132.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martha K. Askins*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Lara M. Herman*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Stuart Yates appeals the judgment convicting him of second-degree sexual assault of a child, and an order denying his post-conviction motion to withdraw his no contest plea. Yates' motion alleged that his plea was not knowing and vol-

untary because the trial court failed to inform him of the presumptive mandatory release date pursuant to WIS. STAT. § 302.11(1g)(am).[1] We reject Yates' argument and affirm the judgment of conviction and order denying post-conviction relief.

## BACKGROUND

¶ 2. Yates was charged with various offenses in three separate cases. He entered no contest pleas to one count of second-degree sexual assault of a child and one count of theft. As part of a plea agreement, the other charges were dismissed and the State recommended probation with no more than six months in jail as a condition of that probation. During the plea colloquy, the court did not inform Yates that he would be subject to a presumptive mandatory release date on the sexual assault conviction, pursuant to WIS. STAT. § 302.11(1g)(am).[2] The circuit court accepted Yates' pleas and found him guilty.

¶ 3. At sentencing, the circuit court declined to follow the State's recommendation. It sentenced Yates to five years' imprisonment for sexual assault and imposed and stayed a three-year sentence for theft. Yates filed a motion to withdraw his plea to the sexual assault charge.[3] He argued that the circuit court

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[2] WISCONSIN STAT. § 302.11(1g)(am) provides: "The mandatory release date established in sub. (1) is a presumptive mandatory release date for an inmate who is serving a sentence for a serious felony committed on or after April 21, 1994, but before December 31, 1999."

[3] Initially, Yates moved to withdraw his pleas to both the sexual assault and theft charges. In addition to the argument presented above, he claimed: (1) he was not made aware that a

19

should have informed him that he would be subject to a presumptive mandatory release date. The circuit court denied the motion because it determined that the effect of the presumptive mandatory release date was a collateral consequence of the plea. This appeal followed.

## ANALYSIS

■■■

¶ 4.    Permitting withdrawal of a guilty or no contest plea is a discretionary decision for the circuit court. *See State ex rel. Warren v. Schwarz*, 219 Wis. 2d 615, 635, 579 N.W.2d 698 (1998). "After sentencing, a defendant who seeks to withdraw a guilty or no contest plea carries a heavy burden." *Id.* The defendant must establish by clear and convincing evidence that the trial court should permit the defendant to withdraw the plea to correct a manifest injustice. *See id.* The constitution requires that a plea be voluntarily, knowingly and intelligently entered and that a manifest injustice occurs when it is not. *See id.* at 636–37. Whether a plea was voluntarily, knowingly and intelligently entered is a legal issue that we review independently. *See State v. Bangert*, 131 Wis. 2d 246, 283–84, 389 N.W.2d 12 (1986). However, we accept the trial court's findings of

consequence of his conviction was that he would have to register as a sex offender upon release from prison; and (2) the trial court should have advised him that it did not intend to follow the State's sentence recommendation. Yates filed a motion to hold this case in abeyance in light of two cases which were pending in the supreme court. We granted the motion. As a result of the court's decision in *State v. Bollig*, 2000 WI 6, 232 Wis. 2d 561, 605 N.W.2d 199, and *State v. Williams*, 2000 WI 78, 236 Wis. 2d 293, 613 N.W.2d 132, Yates has abandoned these two additional arguments.

evidentiary or historical facts unless they are clearly erroneous. *See id.*

¶ 5.  A plea is not knowingly, voluntarily, and intelligently entered when a defendant does not know what sentence could actually be imposed. *See Warren,* 219 Wis. 2d at 636. Before accepting a guilty or no contest plea, the court is required to "[a]ddress the defendant personally and determine that the plea is made voluntarily with an understanding of the nature of the charge and the potential punishment if convicted." WIS. STAT. § 971.08(1)(a).

¶ 6.  When "informing defendants of their rights, courts are only required to notify them of the 'direct consequences' of their pleas." *Warren,* 219 Wis. 2d at 636 (quoting *Bradley v. United States,* 397 U.S. 742, 755 (1970)). The courts are not required to inform defendants of consequences that are merely collateral to the plea. *See id.* A defendant who is not apprised of the direct consequences of a plea does not knowingly, voluntarily and intelligently enter a plea and is entitled to withdraw it to correct a manifest injustice. However, no manifest injustice occurs when a defendant is not apprised of a collateral consequence. *See State v. Madison,* 120 Wis. 2d 150, 159, 353 N.W.2d 835 (Ct. App. 1984).

¶ 7.  Direct consequences of a plea have a "definite, immediate, and largely automatic effect on the range of the defendant's punishment." *State v. James,* 176 Wis. 2d 230, 238, 500 N.W.2d 345 (Ct. App. 1993). Collateral consequences do not automatically flow from the plea, but rather will depend upon a future proceeding, or may be contingent on a defendant's future behavior. *See State v. Myers,* 199 Wis. 2d 391, 394–95, 544 N.W.2d 609 (Ct. App. 1996). Therefore, we must

21

determine whether the presumptive mandatory release date is a direct or collateral consequence of Yates' no contest plea.

¶ 8.  Under WIS. STAT. § 302.11(1),[4] inmates are entitled to mandatory release on parole after completing two-thirds of their sentence. However, 1993 Wisconsin Act 1994 amended the mandatory release statute. Instead of an automatic release date after completing two-thirds of a prison sentence, an inmate convicted of any crime enumerated in the statute is subject to presumptive mandatory release. *See* WIS. STAT. § 302.11(1g)(b).[5] In those cases, the parole com-

---

[4] WISCONSIN STAT. § 302.11 provides:

(1)  The warden or superintendent shall keep a record of the conduct of each inmate, specifying each infraction of the rules. Except as provided in subs. (1g), (1m), (1q), (1z), (7) and (10), each inmate is entitled to mandatory release on parole by the department. The mandatory release date is established at two-thirds of the sentence. Any calculations under this subsection or sub. (1q) (b) or (2) (b) resulting in fractions of a day shall be rounded in the inmate's favor to a whole day.

[5] WISCONSIN STAT. § 302.11(1g)(b) provides:

Before an incarcerated inmate with a presumptive mandatory release date reaches the presumptive mandatory release date specified under par. (am), the parole commission shall proceed under s. 304.06 (1) to consider whether to deny presumptive mandatory release to the inmate. If the parole commission does not deny presumptive mandatory release, the inmate shall be released on parole. The parole commission may deny presumptive mandatory release to an inmate only on one or more of the following grounds:

1.  Protection of the public.

2.  Refusal by the inmate to participate in counseling or treatment that the social service and clinical staff of the institution determines is necessary for the inmate, including pharmacological treatment using an antiandrogen or the chemical equivalent of an antiandrogen if the inmate is a serious child sex offender as defined in s. 304.06 (1q) (a).

mission may deny mandatory release on the grounds of protection of the public, or the inmate's refusal to participate in treatment or counseling. The parole commission can conceivably deny release until the inmate has served the full sentence.

¶ 9. Yates argues that the presumptive mandatory release date directly controls the amount of time he will have to serve in prison. Once he reaches two-thirds of his sentence, the parole commission will have the discretion to hold him for the full length of his sentence. Yates believes that the presumptive mandatory release date affects his present rights, not some potential future right. We disagree.

¶ 10. In *James*, we concluded that a defendant need not be notified of the collateral consequences of probation revocation because the possibility of revocation is controlled by the defendant's own actions and by the discretionary acts of an administrative agency. *See James*, 176 Wis. 2d at 244 n.6.

¶ 11. The same is true for Yates. Whether he will be denied mandatory release upon completion of two-thirds of his sentence depends on his conduct following sentencing and the discretionary decisions of the parole commission. Whether Yates would be denied mandatory release was purely speculative when he entered his plea. Therefore, the plea did not have a definite, immediate, and automatic effect on the range of his punishment.

¶ 12. In *Myers*, we concluded that the potential for the defendant to be committed as a sexual predator following his sexual assault conviction was a collateral consequence because his commitment as a sexual predator was contingent on a future commitment hearing. *See Myers*, 199 Wis. 2d at 394–95. The commitment itself did not flow from the conviction.

23

While the underlying conviction was a requirement for the commitment, the conviction itself would not trigger commitment. *See id.* A future commitment would depend upon the defendant's condition at the time of the sexual predator proceeding. *See id.*

¶ 13.   Similarly, the parole commission's decision regarding Yates' release will require consideration of his rehabilitation and possible threat to the public. It will also require consideration of Yates' participation in mandated institutional treatment or counseling. This requirement is dependent upon Yates' behavior while incarcerated. His future behavior could not be anticipated by the circuit court at the time the plea was entered. Yates' potential serving of the full sentence imposed by the circuit court does not automatically flow from the plea and is dependent on factors other than the plea itself.

¶ 14.   As in *Myers*, even though Yates is exposed to the possibility of further incarceration, he is not automatically subject to it. The trial court recognized this at the postconviction hearing, stating that "[w]e don't know if this is going to apply to Mr. Yates at all." The parole commission can release Yates at any time after the first parole eligibility date and "a substantial part of that is in Mr. Yates' hands in terms of how he cooperates with the Department of Corrections and the parole commission."

¶ 15.   There is a possibility that Yates may be required to serve more than two-thirds of his sentence, but that is yet to be determined. That determination will be based on Yates' progress and behavior and his participation in treatment or counseling. *See* WIS. STAT. § 302.11(1g)(b). Yates' release is dependent upon the assessment of the parole commission at the time of his presumptive mandatory release. The commission's

assessment could not be known at the time the plea was entered or the sentence imposed. Yates was only exposed to potential further action; he was not automatically subject to it.

¶ 16. Additionally, Yates' presumptive mandatory release is in the hands of the parole commission and not the circuit court. In some circumstances, "a particular consequence is deemed 'collateral' because it rests in the hands of another government agency or different tribunal." *See State v. Kosina*, 226 Wis. 2d 482, 486, 595 N.W.2d 464 (Ct. App. 1999) (quoting *Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988)).

¶ 17. In *State v. Santos*, 136 Wis. 2d 528, 531, 401 N.W.2d 856 (Ct. App. 1987), we determined that deportation is a collateral consequence of a plea despite the fact that WIS. STAT. § 971.08(1)(c) requires the circuit court to inform a defendant of the possibility of deportation. Deportation requires the action of the Immigration and Naturalization Services. Similarly, Yates' exposure to a possible denial of release at two-thirds of his sentence is wholly in the hands of another governmental body. Therefore, presumptive mandatory release cannot be said to flow directly from the plea. It is collateral in nature.

*By the Court.*—Judgment and order affirmed.