STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony A. PARKER, Defendant-Appellant.

Court of Appeals

*Nos. 00–1532–CR, 00–1533–CR. Submitted on briefs March 9, 2001.—Decided April 18, 2001.*

## 2001 WI App 111

(Also reported in 629 N.W.2d 77.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Anthony A. Parker,* pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1.   BROWN, P.J.   Anthony A. Parker appeals pro se from an order denying his motion for postconviction relief. Parker argues that his transfer to an out-of-state prison is a breach of his plea agreement or; alternatively, is a new factor meriting sentence modification. By our count, this is Parker's fourth attempt at sentence modification; his second effort with this court. He has not prevailed before, nor does he now.

¶ 2.   On March 26, 1992, Parker pled no contest to a charge of first-degree reckless injury as a repeater and to the crime of escape. The reckless injury charge had been reduced from a charge of attempted first-degree intentional homicide as a result of plea negotiations. Parker was sentenced to maximum consecutive sentences, a total of twenty-one years. In its determination, the sentencing court put great weight on Parker's violent act of spraying lighter fluid on a

147

woman and igniting it, the extensive and permanent harm to the victim resulting from her burns, and the public's need for protection from Parker, who had committed other violent acts.[1]

¶ 3.  As a preliminary matter, we note the plethora of case law that has been generated by inmates challenging the authority of the State of Wisconsin to transfer them to out-of-state prison facilities, all to no avail. Courts have found no merit in claims that such transfers: infringe any federal or state liberty interest, *Evers v. Sullivan*, 2000 WI App 144, ¶ 18, 237 Wis. 2d 759, 615 N.W.2d 680, *review denied*, 2000 WI 121, 239 Wis. 2d 312, 619 N.W.2d 94 (Wis. Oct. 17, 2000) (No. 00–0127); violate the Thirteenth Amendment's proscription against involuntary servitude, *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.), *cert. denied*, 528 U.S. 954 (1999); or violate federal equal protection rights, *Lambert v. Sullivan*, 35 F. Supp. 2d 1131, 1133 n.2 (E.D. Wis. 1999). None of these cases, however, address whether transfer to a prison outside of Wisconsin is a breach of a plea agreement or new factor warranting sentence modification. We now address these claims in order.

¶ 4.  When the facts relating to the plea agreement are undisputed, a question of law is presented which we review de novo. *State ex rel. Warren v. Schwarz*, 219 Wis. 2d 615, 642, 579 N.W.2d 698 (1998).

¶ 5.  Parker posits that at the time he entered his plea, the law authorized transfers to Minnesota only if the prisoner consented. Because he did not consent, he

---

[1] At the time of the commission of this crime, Parker had walked away from a prerelease center where he was serving time for aggravated assault with a baseball bat.

had a reasonable expectation to serve his entire sentence within the State of Wisconsin. Parker further suggests that because he was sentenced prior to the adoption of WIS. STAT. §§ 301.21(1m) and (2m) (1999–2000),[2] and the trial court was not aware of the law at sentencing, his transfer pursuant to the statute is a breach of his plea agreement.

¶ 6. Parker's argument fails on both points. At the time of his sentencing, WIS. STAT. .§ 301.21 (1991–1992) permitted the Department of Corrections to contract with Minnesota to transfer Wisconsin prisoners to that state for confinement. Parker offers no authority for his contention that this law applied only to inmates who consented to transfer. On its face, § 301.21 contained no such limiting or restrictive language. Moreover, in *Evers*, we explicitly rejected this argument when considering the constitutionality of the most recent version of this statute.[3] "Had the legislature wished to restrict the department's authority to implement the contracts authorized under § 301.21, or to limit its authority to the transfer of 'volunteers' only, it could easily have said so . . . ." *Evers*, 2000 WI App 144 at ¶ 10. Therefore, we determine that at the time of sentencing, the applicable law did not provide Parker with any reason to believe he would spend his entire sentence in Wisconsin.

---

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] 1997 Wis. Act 27 expanded the authority of the Department of Corrections to contract for the transfer and confinement of Wisconsin inmates at public and private facilities in all other states. Neither the 1991–1992 version nor the current version of WIS. STAT. § 301.21 limits transfers of inmates to those who consent.

¶ 7.   More to the point, however, in order to prevail on a claim of breach of a plea agreement, Parker cannot rely on whatever his "reasonable expectations" might have been at sentencing. Instead, he must show the violation of a specific prosecutorial promise that induced his plea. *See State v. Bond*, 139 Wis. 2d 179, 187–88, 407 N.W.2d 277 (Ct. App. 1987). In this case, Parker must show that during plea negotiations the prosecutor promised Parker he would serve his sentence in Wisconsin. Here, there is no proof whatsoever that the prosecutor or court promised Parker he would serve his sentence in Wisconsin.[4] Therefore, we conclude that Parker has failed to prove by clear and convincing evidence that a material and substantial breach of the agreement occurred. *State ex rel. Warren*, 219 Wis. 2d at 643.

¶ 8.   In addition, we agree with the State that transfer to an out-of-state prison is a collateral consequence of Parker's plea of no contest. Trial courts may not accept a guilty or no contest plea unless they are satisfied that the plea is knowing and voluntary. *State v. James*, 176 Wis. 2d 230, 238, 500 N.W.2d 345 (Ct. App. 1993). Those entering guilty pleas must have sufficient awareness of the relevant circumstances and likely consequences that follow. *Id*. This requirement is satisfied when the defendant is informed of direct consequences of the plea; knowledge of collateral consequences is not required. *Id*. A direct consequence is one that definitely, immediately and largely automatically flows from the conviction. *See State v. Myers*, 199 Wis. 2d 391, 394, 544 N.W.2d 609 (Ct. App. 1996).

---

[4] Nor could a prosecutor or court bind the Department of Corrections by such a promise.

If a consequence might or might not occur in a given case, and is the result of a separate decision-making process, it is collateral. *Id.* at 394–95.

¶ 9.   We have held that collateral consequences include deportation, restitution, subsequent filing of a sexually violent person petition, habitual offender penalties and the consequences of revocation of probation. *James*, 176 Wis. 2d at 238–39; *Myers*, 199 Wis. 2d at 394–95. We now determine that transfer to an out-of-state prison facility, which might or might not occur at the discretion of the Department of Corrections, is a collateral consequence of conviction. Therefore, Parker needed no knowledge of the prison transfer law in order to make his plea knowing and voluntary.

¶ 10.   We now address Parker's claim that his transfer to a Minnesota prison constitutes a new factor warranting sentence modification. A new factor is a fact or set of facts highly relevant to the imposition of sentence but not known to the trial court at the time of sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties. *State v. Kluck*, 210 Wis. 2d 1, 7, 563 N.W.2d 468 (1997). To justify sentence modification, the new factor must operate to frustrate the purpose of the sentencing court's original intent. *State v. Michels*, 150 Wis. 2d 94, 97, 441 N.W.2d 278 (Ct. App. 1989). Whether a set of facts or circumstances is a new factor is a question of law we review independently. *State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609 (1989).

¶ 11.   Parker contends that his transfer out of state is a new factor that frustrates the purpose of his sentence because his placement no longer coincides

with the judgment of conviction confining him to "Wisconsin state prisons." Parker's reliance upon these words is excessively literal and finds no support in the case law. In *Evers*, we held that such language simply identifies the initial place of imprisonment for those who are imprisoned for more than one year. *Evers*, 2000 WI App 144 at ¶ 12. It creates neither a right of inmates to remain in Wisconsin institutions nor a restriction on the authority of the department to place inmates outside of Wisconsin when appropriate. *Id.*; *see also Lambert*, 35 F. Supp. 2d at 1132. Consequently, Parker's transfer to a Minnesota prison does not violate his judgment of conviction.

¶ 12.    Moreover, in reviewing the sentencing transcript, there is no indication that serving a portion of his term in a Minnesota prison, as opposed to a Wisconsin one, somehow frustrates the original intent of the trial court's sentence. Indeed, the transcript makes clear that the court was primarily concerned about protecting the public from the violent conduct demonstrated by Parker in the case before it and his criminal history. The sentence was based on the gravity of the offense, the need for protection of the public, and Parker's need for reform. Accordingly, we reject his claim.

¶ 13.    In conclusion, we hold that the transfer of Parker to a prison in Minnesota is not a breach of his plea agreement or a new factor meriting sentence modification. The order of the trial court is affirmed.

*By the Court.*—Order affirmed.