STATE of Wisconsin, Plaintiff-Respondent,

v.

Hank J. MERTEN, Defendant-Appellant.

Court of Appeals

*No. 02–1530–CR. Submitted on briefs January 10, 2003.—
Decided July 17, 2003.*

2003 WI App 171

(Also reported in 668 N.W.2d 750.)

590

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Dana W. Duncan* of *Schmidt, Grace & Duncan* of Wisconsin Rapids.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Roggensack and Deininger, JJ.

¶ 1. ROGGENSACK, J. Hank Merten appeals the judgment of conviction for delivery of a controlled substance, Tetrahydrocannabinols (THC), as party to the crime, contrary to WIS. STAT. §§ 961.41(1)(h)1 and 939.05 (2001–02)[1], and the court order denying post-conviction relief. Merten argues that his no contest plea

---

[1] All further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

was unknowingly and involuntarily made because the circuit court failed to inform him that his conviction would result in ineligibility for federal health care programs under 42 U.S.C. § 1320a-7(a)(4). We conclude that the effect of § 1320a-7(a)(4) is a collateral consequence of Merten's plea; and therefore, the circuit court was not required to inform him of the statute's effect prior to taking his plea. Accordingly, we affirm the circuit court's order denying Merten's motion for plea withdrawal and the judgment of conviction.

## BACKGROUND

¶ 2. An eight count criminal complaint was filed with the Waupaca County Circuit Court charging Merten with various violations of the Wisconsin Statutes relating to the manufacture, delivery and possession of THC. Pursuant to a plea agreement, Merten entered a plea of no contest to one felony count for delivery of THC as party to the crime, in violation of WIS. STAT. §§ 961.41(1)(h)1 and 939.05. The circuit court conducted an extensive plea colloquy pursuant to the requirements of WIS. STAT. § 971.08 and accepted Merten's no contest plea as knowingly, voluntarily and intelligently entered. The remainder of the charges were dismissed and read into the record for dispositional purposes. The court sentenced Merten to ten years: five years confinement, followed by five years extended supervision.

¶ 3. Several months later, Merten moved to withdraw his no contest plea on the grounds that it was not entered knowingly and voluntarily. Merten argued that the circuit court failed to inform him that his conviction would result in ineligibility for Medicare and Medicaid

benefits under 42 U.S.C. § 1320a-7(a)(4) and therefore plea withdrawal was necessary to correct a manifest injustice. The circuit court denied postconviction relief, reasoning that any loss of eligibility for federal health care programs was a collateral consequence of Merten's plea. Merten appeals.

## DISCUSSION

**Standard of Review.**

¶ 4. The question of whether a defendant may withdraw a no contest plea is addressed to the discretion of the circuit court. *State ex rel. Warren v. Schwarz*, 219 Wis. 2d 615, 635, 579 N.W.2d 698, 708 (1998). We will not disturb the circuit court's decision to deny a motion to withdraw a plea unless the court erroneously exercised its discretion. *Id.* However, when a defendant establishes the denial of a constitutional right, withdrawal of the plea is a matter of right. *State v. Byrge*, 2000 WI 101, ¶ 69, 237 Wis. 2d 197, 614 N.W.2d 477; *State v. Van Camp*, 213 Wis. 2d 131, 139, 569 N.W.2d 577, 582 (1997).

¶ 5. A plea that is not entered voluntarily, knowingly and intelligently violates due process. *Van Camp*, 213 Wis. 2d at 139, 569 N.W.2d at 582. Therefore, the determination of whether a plea is voluntarily made presents a question of constitutional fact. *State v. Bollig*, 2000 WI 6, ¶ 13, 232 Wis. 2d 561, 605 N.W.2d 199. We review questions of constitutional fact independent of the circuit court's determination. *Id.* However, we will not upset the circuit court's findings of historical or evidentiary fact unless the findings are clearly erroneous. *Id.*

**Plea Withdrawal.**

■

¶ 6. A defendant seeking to withdraw a guilty or no contest plea after sentencing bears "the heavy burden of establishing, by clear and convincing evidence, that withdrawal of the plea is necessary to correct a manifest injustice." *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707, 710 (1997). A "manifest injustice" occurs when a defendant makes a plea involuntarily or without knowledge of the charge or potential punishment if convicted. *See* WIS. STAT. § 971.08(1)(a); *State v. James*, 176 Wis. 2d 230, 237, 500 N.W.2d 345, 348 (Ct. App. 1993). As we have explained, "[a] plea is not knowingly, voluntarily, and intelligently entered . . . when a defendant does not know what sentence could actually be imposed." *State v. Kosina*, 226 Wis. 2d 482, 485, 595 N.W.2d 464, 466 (Ct. App. 1999).

■

¶ 7. The circuit court taking the plea is therefore required to "[a]ddress the defendant personally and determine that the plea is made voluntarily," WIS. STAT. § 971.08(1)(a), " 'with sufficient awareness of the relevant circumstances and likely consequences' that could follow." *James*, 176 Wis. 2d at 238, 500 N.W.2d at 348 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). It is well established, however, that in informing a defendant of his or her rights, a court is constitutionally required to identify only the *direct* consequences of the plea. *Warren*, 219 Wis. 2d at 636, 579 N.W.2d at 708. A defendant who is not apprised of the direct consequences of a plea may be entitled to withdraw the plea as involuntarily and unknowingly made. *Byrge*, 237 Wis. 2d 197, ¶ 69. However, a defendant does not have a due process right to be informed of the

collateral consequences of his plea. Therefore, no manifest injustice occurs when a defendant is not informed of a collateral consequence. *Warren*, 219 Wis. 2d at 636, 579 N.W.2d at 708; *State v. Santos*, 136 Wis. 2d 528, 532–33, 401 N.W.2d 856, 858 (Ct. App. 1987) ("Lack of knowledge of the collateral consequences of a guilty plea does not affect the plea's voluntariness because knowledge of these consequences is not a prerequisite to entering a knowing and intelligent plea.").

¶ 8. Accordingly, the resolution of this appeal requires us to determine whether the effect of 42 U.S.C. § 1320a-7(a)(4), which excludes individuals convicted of a felony related to a controlled substance from participating in federal health care programs, is a direct or a collateral consequence of Merten's no contest plea.[2] A direct consequence of a plea has a definite, immediate and largely automatic effect on the range of a defendant's punishment. *James*, 176 Wis. 2d at 238, 500 N.W.2d at 348. A collateral consequence, in contrast, does not automatically flow from the plea. Under this standard, collateral consequences have been held to include sex offender registration, *Bollig*, 232 Wis. 2d

---

[2] 42 U.S.C. § 1320a-7(a)(4) provides in relevant part:

**(a) Mandatory exclusion.**

The Secretary shall exclude the following individuals and entities from participation in any Federal health care program (as defined in section 1128B(f) [42 USCS § 1320a_7b(f)]:

. . . .

(4) Felony conviction relating to a controlled substance. Any individual or entity that has been convicted for an offense which occurred after . . . August 21, 1996, under Federal or State law, of a criminal offense consisting of a felony relating to the unlawful manufacture, distribution, prescription, or dispensing of a controlled substance.

561, ¶ 27; the effect of a presumptive mandatory release date, *State v. Yates*, 2000 WI App 224, ¶ 11, 239 Wis. 2d 17, 619 N.W.2d 132; permanent prohibition on possession of firearms under federal law, *Kosina*, 226 Wis. 2d at 488, 595 N.W.2d at 468; and probation revocation for failure to admit guilt during sex offender treatment, *Warren*, 219 Wis. 2d at 638, 579 N.W.2d at 709. The distinction between "direct" and "collateral" consequences of a plea is affected by whether the complained of consequence has an "effect on the range of the defendant's *punishment*." *Warren*, 219 Wis. 2d at 636, 579 N.W.2d at 708 (citation omitted) (emphasis added). And an additional factor affecting whether the consequence of a plea is collateral or direct is whether the consequence rests in the hands of another government agency or different tribunal. *Kosina*, 226 Wis. 2d at 486, 595 N.W.2d at 467; *Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988).

¶ 9. Merten argues that 42 U.S.C. § 1320a-7(a)(4) takes effect at the moment the felony conviction is entered and therefore is a direct and automatic consequence of his plea. We disagree, in part because any potential effect of § 1320a-7(a)(4) is in the hands of another tribunal. This difference is significant, as we explained in *Kosina*, where we held that the effect of 18 U.S.C. § 922(g)(9) (West Supp. 1999), which prohibits those convicted of a misdemeanor crime of domestic violence from possessing a firearm or ammunition, was a collateral consequence of a plea. *Kosina*, 226 Wis. 2d at 488, 595 N.W.2d at 468. We recognized that the federal statute would apply to restrict possession of firearms or ammunition once the court entered the judgment of conviction. However, we reasoned that a direct consequence of a plea must have an immediate and automatic effect on the range of punishment for the

crime to which a plea was made, imposed under *state law* by the circuit court accepting the plea. Therefore, because the federal statute's consequences arose under the authority of federal law and were imposed by a federal tribunal, any consequence arising under that law was collateral to the state court proceedings. *Id.* "Whether Kosina experiences the effect of the federal statute is not a decision in which the trial court participates" and therefore has no effect on the range of punishment imposed. *Id.* at 488–89, 595 N.W.2d at 468. The same reasoning applies here.

¶ 10. 42 U.S.C. § 1320a-7(a)(4) authorizes the Secretary to exclude certain individuals and entities from participation in federal health care programs, including Medicare and Medicaid. The Secretary has delegated enforcement of the regulations implementing the exclusion statute to the Inspector General. *Pennington v. Thompson*, 249 F. Supp. 2d 931, 934 n.3 (W.D. Tenn. 2003). An individual that is excluded under § 1320a-7 is entitled to reasonable notice, an opportunity for a hearing by the Secretary and to judicial review of the Secretary's final decision. Section 1320a-7(f). The federal statute's consequences therefore arise under the authority of federal law and are imposed by a federal tribunal. Whether Merten experiences the federal statute's effect is not a decision in which the circuit court participates.[3] In sum, the effect of § 1320a-7(a)(4) is a separate consequence that does not have an immediate or automatic effect on the range of punishment

---

[3] We additionally note that Merten neither argues nor presents any evidence that he was eligible for Medicaid or Medicare in the first instance or that it is a certainty that the statutory exclusion will *ever* have an actual effect on him.

imposed under state law by the circuit court for delivery of THC. Accordingly, it is a collateral consequence; and therefore, the circuit court was not required to inform Merten of the potential effect of § 1320a-7(a)(4) prior to taking his plea.

¶ 11. As a collateral consequence, the effect of 42 U.S.C. § 1320a-7(a)(4) cannot form the basis of a claim of manifest injustice requiring plea withdrawal. Defendants do not have a due process right to be informed of consequences that are collateral to their pleas. *Santos*, 136 Wis. 2d at 531, 401 N.W.2d at 858. Merten provides no other argument to substantiate his claim that his plea was involuntary. Accordingly, we affirm the circuit court's order denying postconviction relief.

## CONCLUSION

¶ 12. We conclude that the effect of 42 U.S.C. § 1320a-7 is a collateral consequence of Merten's plea; and therefore, the circuit court was not required to inform him of the statute's effect prior to taking his plea. Accordingly, we affirm the circuit court's order denying Merten's motion for plea withdrawal and the judgment of conviction.

*By the Court.*—Judgment and order affirmed.