**Shaheed Taalib'Din MADYUN, Plaintiff–Appellant,**

v.

**Jon E. LITSCHER, et al., Defendants–Appellees.**

**No. 02–1788.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2002.[*]

Decided Dec. 30, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

**ORDER**

Shaheed Taalib'Din Madyun, along with several other Wisconsin inmates, filed a putative class action challenging the state

---

[*] Appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Department of Corrections' parole procedures and prison transfer policies under 42 U.S.C. § 1983. The district court screened the complaint, denied class certification, and dismissed for failure to state a claim. Madyun filed this *pro se* appeal[1] and we affirm.

Madyun's complaint is based upon a theory that Wisconsin government officials have attempted to over-crowd the state's prisons and necessitate transfers to private facilities in order to increase the value of their retirement portfolios, which allegedly include stock in private prison corporations. Madyun claimed that state authorities have restricted parole in several procedural ways, and transferred inmates to out-of-state prisons that are owned by private corporations. Specifically, Madyun alleges that corrections officials violated his rights to due process and equal protection by denying timely parole hearings with at least three members, and denying his right to call witnesses. Madyun has not been transferred to a private prison, and he does not allege that he is being held beyond his mandatory release date.

On appeal, Madyun argues that his complaint should be construed liberally, but the nature of the district court's alleged error remains unclear from his brief. Even under a liberal standard, we are convinced that Madyun's claims are frivolous. First, Madyun admits on appeal that his § 1983 claim does not challenge the duration of his imprisonment, but instead contests the procedures used to determine whether parole and mandatory release should be granted. Such a claim for violation of the due process clause of the Four-

teenth Amendment requires that he demonstrate a protectible liberty interest and inadequate procedural protections *Sandin v. O'Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ Here, Madyun alleges that the Department of Corrections policies related to both parole and mandatory release violated his due process rights. Parole in Wisconsin is discretionary, rather than mandatory, *see* Wis. Stat. § 304.06, and therefore the state's prisoners have no liberty interest in the possibility of parole. *Montgomery v. Anderson*, 262 F.3d 641, 645 (7th Cir.2001) (holding that there is no independent right to parole); *State ex rel. Gendrich v. Litscher*, 246 Wis.2d 814, 632 N.W.2d 878, 882 (Wis.App.2001) (describing Wisconsin's discretionary parole scheme). Although Madyun is correct that the presumptive mandatory release statute may conceivably create a liberty interest after two-thirds of a prisoner's sentence has been served, *see State v. Yates*, 239 Wis.2d 17, 619 N.W.2d 132, 135 (Wis.App. 2000), Madyun has not alleged that he is being denied release under that statute.

■ Second, Madyun also sought a declaration that Wisconsin's practice of transferring prisoners to out-of-state private prisons is contrary to the United States Constitution and federal statutes. But Madyun may not raise such a claim because he has not been transferred to an out-of-state or private prison, and has not alleged that there is any threat of such a transfer. Further, it is well-settled that prisoners have "no due process right to be housed in any particular facility." *Moran*

---

1. As a *pro se* plaintiff, Madyun may represent only himself. *Green v. Benden*, 281 F.3d 661, 665 (7th Cir.2002); *Lewis v. Lenc–Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir.1986). Although Madyun purports to appeal on behalf of the other named plaintiffs, McKinley Riley and Jeffrey Jones, only Madyun signed the

notice of appeal in this case, and only he has signed the brief. We have separately affirmed the district court's judgment in this case in an independent appeal filed by one of Madyun's co-plaintiffs. *Riley v. Litscher*, No. 02–1789 (7th Cir. July 7, 2002).

v. *Sondalle,* 218 F.3d 647, 651 (7th Cir. 2000) ("objection to transfer to privately run, out-of-state prisons would be frivolous"); *Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir.1999) (prisoner's rights not violated by transfer to out-of-state prison).

Third, Madyun devotes a substantial portion of his appellate argument to discussing the alleged "conflict of interest" created by the Wisconsin pension system's investments in private prison corporations. Because Madyun established no constitutional violation, it is unnecessary to inquire into the alleged motives of the prison officials. Moreover, Madyun has made no allegation that any particular Wisconsin official took any action against him that was motivated by a financial interest. Madyun's new arguments on appeal seeking to "disqualify" all judges, prosecutors and police as a result of this alleged "conflict," his attempt to add the Wisconsin Investment Board of Trustees as a defendant, and his request for a change of venue were waived below and need not be addressed here. *See Stevens v. Umsted,* 131 F.3d 697, 705 (7th Cir.1997) ("It is axiomatic that arguments not raised below are waived on appeal").

The district court appropriately advised Madyun that because his complaint was dismissed as frivolous, he incurred one of the three allotted strikes [2] under 28 U.S.C. § 1915(g). We also note that Madyun's pursuit of this frivolous appeal results in an additional strike for purposes of that statute. *See id.; see also Newlin v. Helman,* 123 F.3d 429, 433 (7th Cir.1997),

overruled on other grounds by *Lee v. Clinton,* 209 F.3d 1025 (7th Cir.2000).

AFFIRMED.

---

2. "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

