**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 19, 2006[*]
Decided July 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 06-1310

SHAHEED TAALIB'DIN MADYUN,
    *Plaintiff-Appellant*,

    *v.*

CAROL COOK, *et al.*,
    *Defendants-Appellees.*

Appeal from the United States District
Court for the Eastern District of
Wisconsin

No. 04-C-343

William C. Griesbach,
*Judge.*

## O R D E R

Wisconsin inmate Shadeed Taalib'din Madyun has filed a number of civil-rights suits in the courts of this circuit. *E.g., Madyun v. Litscher*, No. 02-C-0043-C (W.D. Wis. Mar. 8, 2002); *Madyun v. McCaughtry*, No. 93-C-0060-C (W.D. Wis. June 15, 1995); *Madyun v. Thome*, No. 2:91-cv-01320-TTE (E.D. Wis. Apr. 9, 1992). In 2002 he incurred two strikes under 28 U.S.C. § 1915(g) for filing a frivolous complaint and an equally frivolous appeal from its dismissal. *See Madyun v. Litscher*, No. 02-1788 (7th Cir. Dec. 30, 2002). His present appeal is likewise frivolous, and so Madyun has now struck out.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

   In the suit under 42 U.S.C. § 1983 which precipitated this appeal, Madyun complained of a "mass conspiracy by all levels of" the Wisconsin Department of Corrections to "put an end to [his] jailhouse lawyer[ing]." Madyun alleged a range of conduct over six years by a host of prison officials from the trivial—a denial of the use of a convenient bathroom—to the serious—a beating in his cell by masked guards. Without reaching the merits of these claims, the district court granted summary judgment for the defendants because it concluded that Madyun had not exhausted his administrative remedies with respect to any of them. *See* 42 U.S.C. § 1997e(a). The district judge based that ruling on the affidavits of prison officials familiar with the prison's record of Madyun's complaints under the Inmate Complaint Review System. Madyun asserted that proof of exhaustion could be found in his 200-page response to the defendants' motion for summary judgment, which contains six years of offender complaints, administrative appeals, and correspondence between Madyun and prison officials. Many of the documents plainly have no relevance to the claims in Madyun's lawsuit, and the district court told him that his failure to identify the exhibits purportedly establishing exhaustion as to the claims in his complaint would alone support granting summary judgment for the defendants. *See* E.D. Wis L.R. 56.2(b)(1), (d). The court nonetheless examined the documents and explained how nothing Madyun submitted showed that he exhausted any of his claims.

   Madyun devotes much space in his opening and reply briefs to arguing the merits of his claims, but gives scant attention to the court's ruling that he failed to exhaust them. He repeatedly asserts, as he did in the district court, that proof of exhaustion can be found among the many exhibits to his summary judgment response, but he refuses to engage the district court's detailed explanation of how the submission came up short. As Madyun is well aware—because the district judge told him—he bears the burden of explaining which documents show exhaustion and as to which claims; we will not scour the record to locate evidence for him. *See Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003); *Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002). Madyun's unsupported contention that he exhausted his administrative remedies is frivolous.

   Madyun also asserts that he was afraid to file the materials necessary to exhaust his claims because the guards who beat him threatened him with further violence if he continued to litigate. Under such circumstances, he contends, he should not have been required to exhaust. We do not doubt the correctness of Madyun's suggestion that threats by prison officials could in principle render an administrative remedy unavailable. *See Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (holding that conduct of prison officials can render administrative remedy not "available" under § 1997e(a)); *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (holding that defendants are "estopped from raising non-exhaustion as an

affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures"). But Madyun did not raise that argument in the district court and has therefore waived it. *King v. Ill. State Bd. of Elections*, 410 F.3d 404, 424 (7th Cir.2005). Moreover, the contention is factually frivolous. As Madyun's own filings show, he was not too afraid to file dozens of inmate complaints, one of them reciting the very facts of the alleged beating where he said his attackers warned him to stop litigating. The reason the district court found Madyun failed to exhaust that claim was that he had no evidence that he administratively appealed the complaint examiner's decision to reject it. *See Woodford v. Ngo*, No. 05-416, 2006 WL 1698937 (June 22, 2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). But since Madyun was not too afraid to file the complaint after the guards threatened him, it is impossible to credit his contention that fear inspired by the same threats was behind his failure to appeal the complaint's rejection. Madyun's argument had no hope of prevailing, and so this appeal is frivolous. *See Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) (en banc).

AFFIRMED.