STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles BROWN, Defendant-Appellant.

Court of Appeals

*No. 03–2915–CR. Submitted on briefs August 3, 2004.—Decided August 31, 2004.*

2004 WI App 179

(Also reported in 687 N.W.2d 543.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John J. Grau*, Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Christopher G. Wren*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Charles Brown appeals his judgment of conviction for three felony and three misdemeanor counts in violation of WIS. STAT. §§ 948.055(1), 948.10(1), 948.07(3) and 940.44(2).[1] He also appeals an order denying his postconviction motion for relief. Brown argues that the circuit court erred by denying his motion to withdraw his no contest pleas because they were not knowingly and voluntarily entered. We agree and reverse the judgment and order and remand with directions.

## BACKGROUND

¶ 2. On May 17, 2002, Brown pled no contest to a total of six counts, including child enticement, causing a child to view sexual activity, exposing genitals to a child and intimidating a victim. The plea agreement was structured to include only charges that (1) would not require Brown to register as a sex offender under WIS. STAT. § 301.45 and (2) were not sexual predator offenses under WIS. STAT. ch. 980, which could subject Brown to postincarceration commitment. At the plea hearing, Brown's counsel explained the purposes of the plea agreement on the record:

> What we have done here, I want to make the record clear[,] is try and structure the charges that he is going to be found guilty of to be non-strike charges and not fall in the category of sexual predator Chapter 980 charges. I think that has been achieved.

The prosecutor agreed and stated that "[t]he ones he pled to are not strike offenses, are not a Chapter 980." The circuit court accepted Brown's no contest pleas.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 3. Brown was sentenced on June 24, 2002. After his sentence commenced, Brown learned that the plea agreement did not accomplish what the parties had intended. In fact, two of the felony charges required him to register as a sex offender and the third felony charge was a sexual predator offense. On July 10, 2003, Brown moved to withdraw his no contest pleas, arguing that because he was actively misinformed of the consequences of his pleas and the misinformation went to the heart of the plea agreement, the pleas were not knowingly and voluntarily entered. The circuit court found that Brown's misunderstanding did not rise to the level of manifest injustice and denied Brown's motion in an October 28, 2003, order.

## DISCUSSION

¶ 4. A defendant who seeks to withdraw a guilty or no contest plea after sentencing must establish by clear and convincing evidence that withdrawal is necessary to avoid manifest injustice. *State ex rel. Warren v. Schwarz*, 219 Wis. 2d 615, 635, 579 N.W.2d 698 (1998). "The constitution requires that a plea be knowingly, voluntarily and intelligently entered and a manifest injustice occurs when it is not." *State v. Rodriguez*, 221 Wis. 2d 487, 492, 585 N.W.2d 701 (Ct. App. 1998). A defendant who is denied a constitutional right may withdraw a no contest plea as a matter of right. *State v. Bangert*, 131 Wis. 2d 246, 283, 389 N.W.2d 12 (1986).

¶ 5. We accept the circuit court's findings of evidentiary or historical fact unless they are clearly erroneous. *Rodriguez*, 221 Wis. 2d at 492–93. However, whether a plea was voluntarily and knowingly entered is a question of constitutional fact that we review

independently. *State v. Trochinski*, 2002 WI 56, ¶ 16, 253 Wis. 2d 38, 644 N.W.2d 891.

■

¶ 6.  The State contends that whether Brown's pleas were knowing and voluntary turns on whether his misunderstanding involved direct consequences or collateral consequences of his pleas. Had Brown misunderstood the direct consequences of his pleas, it argues, he would be able to withdraw his pleas. However, since Brown's misunderstanding involved the collateral consequences of his pleas,[2] the State contends that Brown cannot prove that his pleas were not knowing and voluntary.

■

¶ 7. .  "A direct consequence of a plea is one that has a definite, immediate, and largely automatic effect on the range of a defendant's punishment." *State v. Byrge*, 2000 WI 101, ¶ 60, 237 Wis. 2d 197, 614 N.W.2d 477. A collateral consequence, on the other hand, is indirect, does not automatically flow from the conviction, and may depend on the subsequent conduct of a defendant. *Id.*, ¶ 61. "The distinction between direct and collateral consequences essentially recognizes that it would be unreasonable and impractical to require a circuit court to be cognizant of every conceivable consequence before the court accepts a plea." *Id.* If the court fails to disclose a direct consequence of a plea, a defendant may withdraw the plea as a matter of right. *State v. Merten*, 2003 WI App 171, ¶ 7, 266 Wis. 2d 588, 668 N.W.2d 750.

---

[2] Brown agrees that he misapprehended collateral, not direct, consequences of his plea. *See State v. Bollig*, 2000 WI 6, ¶ 27, 232 Wis. 2d 561, 605 N.W.2d 199 (registration as sex offender is collateral consequence); *State v. Myers*, 199 Wis. 2d 391, 394, 544 N.W.2d 609 (1996) (potential for commitment under WIS. STAT. ch. 980 is collateral consequence).

However, if the court does not disclose a collateral consequence of a plea, a defendant may not withdraw his plea on the basis of that lack of information.[3] *Id.*

¶ 8.   The State correctly asserts that the distinction between direct and collateral consequences determines whether a defendant may withdraw a plea due to a lack of information. However, Brown seeks to withdraw his pleas not because he lacked information of the pleas' consequences, but rather because he was *mis*informed of those consequences by both his attorney and the prosecutor, with acquiescence by the judge.[4] Wisconsin courts have permitted defendants to withdraw pleas that were based on a misunderstanding of the consequences, even when those consequences were collateral. *See, e.g., State v. Riekkoff*, 112 Wis. 2d 119, 128, 332 N.W.2d 744 (1983); *State v. Woods*, 173 Wis. 2d 129, 140, 496 N.W.2d 144 (Ct. App. 1992).

¶ 9.   In *Riekkoff*, the defendant entered a guilty plea as part of a plea agreement that purported to allow him to appeal an evidentiary ruling contrary to the guilty-plea-waiver rule. *Riekkoff*, 112 Wis. 2d at 127. The supreme court concluded he could not circumvent the rule in order to obtain appellate review of the evidentiary ruling. *Id.* at 127–28. However, because he misunderstood the consequences of the plea, Riekkoff was permitted to withdraw his guilty plea. *Id.* at 128. The court explained:

---

[3] Similarly, defense counsel's failure to advise a defendant of collateral consequences is not a sufficient basis for an ineffective assistance of counsel claim. *State v. Santos*, 136 Wis. 2d 528, 533, 401 N.W.2d 856 (Ct. App. 1987).

[4] The State argues that Brown has failed to expressly make a claim or to support a claim for ineffective assistance of counsel. We conclude that the actions of Brown's trial counsel can be considered as part of our manifest injustice analysis.

Riekkoff pleaded guilty believing that he was entitled to an appellate review of the reserved issue. Both the prosecutor and the trial judge acquiesced in this view and permitted Riekkoff to believe that, despite his plea, appellate review could be had of the evidentiary order. Because Riekkoff thought he could, with the acquiescence of the trial court and the prosecutor, stipulate to the right of appellate review, it is clear that Riekkoff was under a misapprehension with respect to the effect of his plea. He thought he had preserved his right of review, when as a matter of law he could not. Under these circumstances, as a matter of law his plea was neither knowing nor voluntary.

*Id.*

¶ 10.    The State argues *Riekkoff* is limited to conditional pleas or to pleas that attempt to use an "unlawful procedure" or effect an "unlawful result." We discern no such limitation. Like Riekkoff, Brown entered his pleas under a misunderstanding of the effect of the pleas. Like Riekkhoff, the trial judge acquiesced to Brown's misunderstanding. More than the mere acquiescence of the prosecutor in *Riekkoff,* here the prosecutor's affirmative misstatements contributed to Brown's misunderstanding. Just as Riekkoff believed he could enter a conditional plea, Brown believed he could plead no contest to the felony charges and not be subject to sex offender registration or post-incarceration commitment when, as a matter of law, he could not.

¶ 11.    Not every misunderstanding of the law by a defendant negates the knowing and voluntary nature of a plea. For example, in *Rodriguez,* the circuit court informed the defendant that pleading guilty could result in deportation. *Rodriguez,* 221 Wis. 2d at 490. Rodriguez, believing he was a citizen, proceeded to enter his guilty plea. *Id.* Rodriguez later found out that

he was not, in fact, a citizen and moved to withdraw his plea as not knowingly and voluntarily made. *Id.* at 490–91. Rodriguez argued that, because he believed he was a citizen, he had an affirmative misunderstanding, not merely a lack of knowledge, of the collateral consequences of his plea. *Id.* at 497.

¶ 12. We affirmed the circuit court's denial of Rodriguez's motion to withdraw his plea. *Id.* at 490. We concluded that because Rodriguez's misunderstanding was not "based on any information provided by defense counsel or the prosecutor" but was "his own inaccurate interpretation," his plea was knowing and voluntary. *Id.* at 499. We distinguished Rodriguez's situation from other cases where withdrawal was permitted because the defendant's misunderstanding was the result of statements the prosecution or defense counsel made. *Id.* at 498–99.

¶ 13. Here, Brown's misunderstanding of the consequences of his pleas undermines the knowing and voluntary nature of his pleas. Brown's plea agreement was purposefully crafted to only include pleas to charges that would not require him to register as a sex offender or be subject to post-incarceration commitment under WIS. STAT. ch. 980. Brown entered his pleas believing he would not be subject to those collateral consequences. Brown's belief was not the product of "his own inaccurate interpretation," but was based on affirmative, incorrect statements on the record by Brown's counsel and the prosecutor. The court did not correct the statements.

¶ 14. Under these circumstances, we conclude that Brown's pleas, as a matter of law, were not knowingly and voluntarily entered and he must, therefore, be permitted to withdraw his pleas. On remand, the case

shall resume with a new arraignment on all the original charges in the information.

*By the Court.*—Judgment and order reversed and cause remanded with directions.