COURT OF APPEALS
DECISION
DATED AND FILED

July 13, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP574-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF778**

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

COLTEN R. TREU,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Chippewa County: JAMES M. ISAACSON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Colten Treu appeals from a judgment convicting him of four counts of homicide by intoxicated use of a vehicle (each as a second or

subsequent OWI offense) and one count of hit-and-run involving great bodily harm. He also appeals from an order denying his postconviction motion for plea withdrawal. Treu contends that his pleas were not knowingly and voluntarily made because he did not understand that entry of the pleas would waive his right to challenge venue on appeal. Treu also claims that his trial attorneys provided ineffective assistance by failing to fully and accurately explain the guilty-plea-waiver rule to him. We reject both arguments and affirm.

## BACKGROUND

¶2      The State charged Treu with ten felonies and a misdemeanor after Treu huffed from a can of air duster, drove his vehicle into a troop of Girl Scouts and their chaperones, who were collecting trash alongside a Chippewa County highway, and then fled the scene. Three children and one of their mothers were killed, while another child was seriously injured.

¶3      Treu moved for a change in venue, alleging that a fair jury could not be impaneled in Chippewa County due to extensive pretrial publicity. The circuit court denied the motion, opting instead to use a jury questionnaire to screen the jury panel regarding their pretrial exposure to the incident's publicity as well as their ability to set it aside. Treu sought reconsideration of his venue motion after reviewing the returned jury questionnaires, but the court again refused to move the trial.

¶4      The State reached a plea agreement with Treu whereby he pled no contest to the four homicide counts and guilty to the hit-and-run count in exchange for the State's recommendation that the other charges be dismissed and read in, with both parties free to argue at sentencing. The circuit court subsequently

sentenced Treu to aggregate terms of fifty-four years' initial confinement followed by forty-five years' extended supervision.

¶5 Treu moved to withdraw his pleas following sentencing. He alleged that his trial attorneys had erroneously advised him that he still would be able to appeal the denial of his venue motion following his conviction. The circuit court held an evidentiary hearing at which one of Treu's trial attorneys testified that he had told Treu that entering guilty or no-contest pleas "impacted his ability to appeal" without specifying exactly what issues Treu would be precluded from appealing. That attorney acknowledged that previously, when the case was still in a pretrial posture, he had told Treu he would be able to appeal the venue ruling.

¶6 Treu's second trial attorney testified she told Treu that he had "the right to ask for appellate [counsel] to take a look at everything" even if he entered pleas, and she would not have told Treu that any specific issues were not appealable. To the contrary, she would typically tell defendants that if there were any appealable issues, whether "something directly from the case" or based on trial counsel's performance, appellate counsel would have discretion to raise them. The second attorney also said, however, that she did not specifically advise Treu that his right to appeal the venue issue would be preserved.

¶7 Treu testified at the hearing that he had wanted to appeal the denial of his venue motion from the start and that neither of his trial attorneys ever told him that he would be unable to do so if he entered guilty or no-contest pleas. Treu recounted that when he asked whether he would be able to appeal, in general,

following his pleas, counsel[1] told him "yes; but [his] appellate attorney would be the one to tell [him] what and how to go about it." Treu further asserted that he would have gone to trial if he had known that he would not be able to appeal the venue issue. He said that the denial of the venue motion was one of the main reasons he decided to enter pleas because he did not believe he could get a fair trial in Chippewa County.

¶8     The circuit court denied Treu's plea withdrawal motion. Treu now appeals, claiming that his pleas were unknowing and involuntary and that his trial counsel provided him ineffective assistance.

## DISCUSSION

¶9     A defendant seeking to withdraw a plea after sentencing on grounds other than a defective plea colloquy must demonstrate by clear and convincing evidence that refusal to allow plea withdrawal would result in a "manifest injustice," raising "serious questions affecting the fundamental integrity of the plea." *State v. Dillard*, 2014 WI 123, ¶83, 358 Wis. 2d 543, 859 N.W.2d 44 (citation omitted). Manifest injustice can occur when a defendant's plea was not knowingly and voluntarily entered or when a defendant was afforded ineffective assistance of counsel. *See id.*, ¶¶37, 84.

¶10     We review whether manifest injustice has occurred as a "question of constitutional fact." *State v. Taylor*, 2013 WI 34, ¶25, 347 Wis. 2d 30, 829

---

[1] It is not clear from Treu's testimony which attorney he claimed made that statement, although from the context of the entire hearing, it appears it was the second attorney who testified.

N.W.2d 482. Under this standard, we accept the circuit court's findings of historical or evidentiary fact unless they are clearly erroneous, but we independently determine whether those facts are sufficient to establish a constitutional violation. *Id.*

¶11 As a threshold issue related to our standard of review, we note that the circuit court determined that Treu's trial attorneys had not misadvised him about his ability to appeal the venue issue. The court did not, however, make any specific factual findings regarding what, precisely, the attorneys did say to Treu. The court also did not make any factual findings regarding whether Treu believed at the time he entered his pleas that he would be able to appeal the venue issue and whether or how such belief affected his decision to accept the plea deal.

¶12 To avoid a remand for fact finding, we will assume for the purpose of this appeal the facts most favorable to Treu from the testimony at the postconviction hearing described above. These assumed facts include that: (1) Treu wanted to appeal the venue decision because he did not believe he could get a fair trial in Chippewa County; (2) when Treu specifically asked one of his trial attorneys whether he still would be able to appeal after pleading no contest and guilty to some of the charges, the attorney responded, "[Y]es; but [his] appellate attorney would be the one to tell [him] what and how to go about it"; (3) counsel's response led Treu to erroneously believe that he would be able to appeal the venue decision after his pleas were entered; and (4) Treu would not have pled no contest and guilty to the charges he did if he understood that by doing so he would be waiving the right to appellate review of the venue issue.

**1. Knowing and Voluntary Nature of Pleas.**

¶13     Treu first claims that his pleas are manifestly unjust because they were unknowingly and involuntarily entered.  A plea is not knowing and voluntary unless the defendant understands both the nature of the crimes to which he or she is pleading and the constitutional rights being relinquished.  *State v. Hoppe*, 2008 WI App 89, ¶10, 312 Wis. 2d 765, 754 N.W.2d 203.  Not every misunderstanding of the law negates the knowing and voluntary nature of a defendant's plea, however.  *State v. Brown*, 2004 WI App 179, ¶11, 276 Wis. 2d 559, 687 N.W.2d 543.  A plea will still be deemed knowing and voluntary when a defendant's misunderstanding stems from a "lack of information" or his or her "own inaccurate interpretation" about the collateral consequence of a plea and it is not "based on any information provided by defense counsel or the prosecutor." *Id.*, ¶¶7, 12.

¶14     Treu relies upon *State v. Riekkoff*, 112 Wis. 2d 119, 332 N.W.2d 744 (1983), for the proposition that a defendant who is not adequately advised about the guilty-plea-waiver rule and enters a plea under the mistaken belief that he or she will be able to appeal an issue that would be subject to the rule is entitled to withdraw his or her plea.[2]  In *Riekkoff*, the defendant expressly conditioned a plea (with the agreement of the State and acceptance by the circuit court) upon the preservation of his right to appeal a pretrial evidentiary ruling.  *Id.* at 121-22.  The supreme court held that "any condition which a defendant seeks to place upon the

---

[2] As a general matter, the guilty-plea-waiver rule provides that a guilty or no-contest plea waives all nonjurisdictional defects and defenses, including constitutional claims.  *See State v. Kelty*, 2006 WI 101, ¶18, 294 Wis. 2d 62, 716 N.W.2d 886.

plea is a nullity." *Id.* at 128. The court therefore concluded that the guilty-plea-waiver rule applied to the evidentiary ruling—notwithstanding the acquiescence of the State and the circuit court in the defendant's attempt to preserve the issue. *Id.* However, because the defendant entered his plea under the misapprehension that he had preserved his right to appeal the evidentiary ruling, the court further concluded that the defendant's plea was neither knowing nor voluntary. *Id.*

¶15    The State argues that *Riekkoff* is distinguishable from this case because: (1) the guilty-plea-waiver rule is a collateral consequence of a plea; and (2) here, Treu's mistaken belief that he would be able to seek appellate review of the venue decision was not based upon any actual misinformation provided by his trial attorneys. Treu disputes both points.

¶16    The direct consequences of a plea about which a defendant must be informed "are those that have a definite, immediate, and largely automatic effect on the range of a defendant's punishment." *State v. LeMere*, 2016 WI 41, ¶31, 368 Wis. 2d 624, 879 N.W.2d 580 (citation omitted). In contrast, collateral consequences are indirect and, rather than flowing from the conviction, "'may be contingent on a future proceeding in which a defendant's subsequent behavior affects the determination' or may 'rest[] not with the sentencing court, but instead with a different tribunal or government agency.'" *Id.* (citation omitted).

¶17    We note that *Riekkoff* does not explicitly state whether it is treating the guilty-plea-waiver rule as a direct or collateral consequence of the plea. Nor has either party cited any other case that addresses that specific question. The circuit court's discussion in *Riekkoff* provides some support for each position. At one point, the court noted that "once the guilty plea is accepted, *as a matter of law* the right to appeal the reserved issues is waived." *Riekkoff*, 112 Wis. 2d at 128

(emphasis added). The court also stated, however, that the guilty-plea-waiver rule is one of administration, which an appellate court may decline to enforce. *Id.* at 124. We conclude that the guilty-plea-waiver rule is a collateral consequence because it does not come into effect unless a defendant seeks to appeal a waived issue and a different tribunal decides to apply the rule.

¶18 Because the guilty-plea-waiver rule is a collateral consequence, it is not enough for Treu to show that he mistakenly believed he would be able to appeal the venue decision on appeal. He must demonstrate that one or both of his trial attorneys, the prosecutor, or the circuit court actually misinformed him on that point. Treu made no allegation that the court or prosecutor had misinformed him, however, and he admitted that neither of his attorneys specifically said that Treu could appeal the venue issue. At least one of the attorneys told Treu that he could appeal, generally. That is a true statement because Treu could appeal the validity of his pleas, his sentences, a jurisdictional issue, or any other issue that a reviewing court could decide to address, notwithstanding Treu's failure to preserve it. It is also true that postconviction or appellate counsel could be expected to discuss with Treu what issues were viable for appeal.

¶19 Ultimately, then, Treu's misunderstanding was the result of a lack of more specific information about the guilty-plea-waiver rule and his own inaccurate interpretation about what issues he would be able to appeal. Because Treu has not alleged that he misunderstood any direct consequences of his pleas, and he has not established that he was actually misinformed about any collateral consequences, we conclude his pleas were knowing and voluntary.

## 2. Ineffective Assistance of Counsel.

¶20     To establish a claim of ineffective assistance of counsel, a defendant must prove two elements:  (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance.  *State v. Sholar*, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89.  In order to demonstrate deficient performance, a defendant must overcome a presumption that counsel's actions fell within a wide range of professional conduct.  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  In the context of a plea withdrawal motion, prejudice is established by demonstrating a reasonable probability that, but for counsel's deficient performance, the defendant would have gone to trial.  *State v. Jeninga*, 2019 WI App 14, ¶12, 386 Wis. 2d 336, 925 N.W.2d 574.  We need not address both elements of the test if the defendant fails to make a sufficient showing on one of them.  *State v. Swinson*, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12.  Here, we conclude that counsel's performance was not deficient.

¶21     Treu contends that his trial attorneys provided ineffective assistance by failing "to clearly advise" him that he would be waiving his right to appeal the venue decision.  The failure to inform a defendant about a collateral consequence of a plea does not constitute deficient performance, however.  *LeMere*, 368 Wis. 2d 624, ¶30; *see also State v. Kosina*, 226 Wis. 2d 482, 485, 595 N.W.2d 464 (Ct. App. 1999) ("No manifest injustice occurs, however, when the defendant is not informed of a collateral consequence.").  Because Treu's trial attorneys had no obligation to tell him about the guilty-plea-waiver rule at all, they did not perform deficiently by providing him with incomplete information about it.  Nor, as we have discussed above, did they actually misinform Treu that he would be able to appeal the venue decision.  We therefore conclude that Treu was not afforded

ineffective assistance of counsel, and the circuit court properly denied Treu's plea withdrawal motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).