COURT OF APPEALS
DECISION
DATED AND FILED

January 23, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP1232-CR**

Cir. Ct. No.  2020CF9

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

WESLEY W. KOLTIS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Clark County: PAUL S. CURRAN, Judge.  *Affirmed*.

Before Blanchard, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Wesley Koltis appeals a judgment of conviction and an order denying his postconviction motion.  The issue is whether the circuit court

properly denied his motion to withdraw his pleas. We conclude that Koltis is not entitled to plea withdrawal, and therefore we affirm.

¶2 Koltis pled no contest to one count each of third-degree sexual assault, false imprisonment, and battery. He filed a postconviction motion seeking to withdraw his pleas on several grounds. The circuit court denied the motion after an evidentiary hearing.

¶3 On appeal, Koltis argues that he should be allowed to withdraw his pleas because they were not made knowingly, voluntarily, and intelligently. We accept the circuit court's findings of fact unless they are clearly erroneous, but whether a plea was voluntarily and knowingly entered is a question of constitutional fact that we review independently. *State v. Brown*, 2004 WI App 179, ¶5, 276 Wis. 2d 559, 687 N.W.2d 543.

¶4 Koltis's first argument for plea withdrawal is that he did not know that the plea agreement had been revised to remove a provision that the State would recommend probation, and that instead Koltis did not learn this until sentencing, when the State recommended prison. The circuit court found that Koltis properly understood the terms of the agreement when he pled.

¶5 Koltis argues that he "subjectively believed" that the probation recommendation was still part of the plea agreement, even if his attorney had informed him that this was no longer true, because Koltis misheard or misinterpreted what his attorney said. Accordingly, he argues, the circuit court's finding that his attorney was more credible than Koltis is not dispositive, because it shows only that the attorney conveyed the information to Koltis, but not that Koltis understood the information.

2

¶6    This argument runs contrary to the circuit court's factual findings. The court did not find only that trial counsel was more credible than Koltis, it found that "there was, in fact, no misunderstanding about the plea agreement" and that Koltis "did not have an erroneous understanding regarding the plea agreement." There is no difference between a defendant's "understanding" and what Koltis refers to as his "subjective belief." In other words, the court found that Koltis subjectively believed, at the time of his plea, that the probation recommendation was no longer part of the plea agreement. The question on appeal is whether that finding was clearly erroneous.

¶7    Koltis describes the evidence in his favor on this point, beyond his own testimony, from inferences from collateral sources such as therapy records and his mother's testimony. In addition, Koltis disputes reasons that the circuit court gave for not finding his own testimony credible. Without attempting to discuss each point individually here, we are satisfied that the finding is not clearly erroneous. It was supported by his trial counsel's testimony that counsel discussed the plea offer with Koltis and that Koltis appeared to understand it, and also by the fact that the offer itself, stating that both sides were free to argue about sentencing, was attached to the plea questionnaire signed by Koltis.

¶8    In addition, at the start of the plea colloquy, Koltis's attorney stated that the terms of the plea agreement included that the "parties would be free to argue at sentencing." At no point during the plea hearing did Koltis raise any question about this statement. At the postconviction evidentiary hearing, Koltis testified that he first learned that the State might recommend prison when it did so at the sentencing hearing, but that he did not speak up then, either, because he felt defeated and could not speak. Koltis's silence at these critical moments is reasonably understood as indicating lack of surprise, and it supports the circuit court's finding

3

that he in fact understood at the time of the plea hearing that the plea offer did not include an agreement on a sentencing recommendation by the State.

¶9      Koltis's second argument that he should be allowed to withdraw his pleas is that his trial counsel gave him an unrealistic view of possible sentencing outcomes, and that this constituted ineffective assistance of counsel and made his pleas unknowingly, involuntarily, and unintelligently entered.

¶10      Koltis asserts that his attorney told him that the worst-case sentencing scenario would be probation with one year of conditional jail, and that Koltis understood this as a promise, which induced him to enter the pleas. The circuit court found that trial counsel did not make such a promise, based mainly on trial counsel's testimony that he would never do that, because the court controls the sentence. If this finding stands, both of Koltis's theories of plea withdrawal fail.

¶11      On appeal, Koltis relies on his own testimony about what he asserts counsel told him, along with supporting testimony by his mother. However, Koltis does not provide a sufficient basis for us to conclude that the circuit court erred by relying instead on the testimony of trial counsel. Accordingly, we conclude that the finding that counsel did not make this promise was not clearly erroneous, and Koltis fails to establish a basis to reverse the circuit court's denial of his motion for plea withdrawal.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).

4